Abraham N. G-eller, J.
This action was brought pursuant to the provisions of section 111 of the Labor Law as an appeal from a determination of the Board of Standards and Appeals of the State of New York (“ Board ”) whose decision sustained, after a hearing, challenged portions of Industrial Code rule No. 41 (relating to aerial performers), effective December 15, 1952 (published in N. Y. Off. Comp, of Codes, Rules & Reg., 8th Supp., pp. 426-429). Rule No. 41 was adopted by the Board to supplement and implement the provisions of section 202-a of the Labor Law, which deals with the ‘ ‘ protection of aerial performers from accidental falls ”.
Plaintiff, a well-known operator of a traveling circus, was unsuccessful in a proceeding brought by it before the Board under section 110 of the Labor Law to review the validity and reasonableness of those sections of rule No. 41 to which it has taken exception. By virtue of section 111, this action, tried by the court without a jury, is “an appeal from the determination of the board”.
At the threshold, defendants argue that the complaint is insufficient on its face, that the action is for a declaratory judgment and that the court should either decline or dismiss for lack of jurisdiction because section 112 of the Labor Law (see, also, § 110, subd. 5) makes exclusive the method of judicial review specified in section-111. I find no merit in these contentions. A fair reading of the complaint demonstrates that this action, in form, is not for a declaratory judgment, despite the use in the prayer for relief of the conventional phrase ‘ ‘ plaintiff demands judgment against said defendants declaring ”. Parenthetically, that prayer also requests “ such other and further relief to which the plaintiff may be entitled.”
Paragraph 8 of the complaint expressly alleges: ‘ ‘ This action is brought as an appeal from the determination of said Board as above described pursuant to Section 111 of said Labor Law. ’ ’ *1072 It may seem anomalous that an original action instituted in this court is to be treated as ‘ ‘ an appeal from the determination of the board ”, but that is exactly what the statute prescribes (Lincoln Candies v. Department of Labor, 289 N. Y. 262, 265), and the complaint here is responsive to its requirements. Accordingly, it is unnecessary to determine whether a review of the character here sought by plaintiff may be obtained through an action for a declaratory judgment and the court therefore reaches the merits.
Section 202-a provides, in part, as follows: “ § 202-a. Protection of aerial performers from accidental falls. 1. No person shall participate in any public performance or exhibition on a trapeze, tightrope, wire, rings, ropes, poles, or other aerial apparatus which requires shill, timing or balance and which creates a substantial risk to himself or others of serious injury from falling, unless there shall be provided for such performance a safety belt, life-net, or other safety device of similar purpose suitably constructed and placed to arrest or cushion his fall and minimize the risk of such injury. No owner, agent, lessee, manager or other person in charge of a circus, carnival, fair, theatre, moving-picture house, public hall, or other public place of assembly, resort or amusement, shall permit any person to take part in a performance specified herein without providing such safety device. Any such aerial performance or exhibition without such safety device in which the height of possible fall is more than twenty feet, shall be presumed to create a substantial risk of serious injury.” Pursuant thereto, the Board made certain rules, among them being rule 41, certain subdivisions of which are here in question.
The sections of the Labor Law that govern plaintiff’s remedy to review the reasonableness and validity of a rule made by the Board are sections 110, 111 and 112.
Section 110 of the Labor Law provides that any person in interest may petition the Board to review the validity or reasonableness of any rule made under the provisions of the Labor Law. Section 111 permits such person to bring an action in the Supreme Court against the Department of Labor to ‘ ‘ determine the validity or reasonableness ” of such rule, provided that no such action shall be brought except as an appeal from the determination of the Board as provided in section 110.
An action brought under section 111 is of a hybrid nature. On the one hand it is like an ordinary civil action, in that it is an “action in the supreme court” to “determine” the validity or reasonableness of any provision of the Labor Law *1073 or of any rule or order made thereunder. In addition, the “party appealing” may apply to the court “for an order directing any question of fact arising upon any issue to he tried and determined by a jury * * * and the findings of the jury upon such question shall be conclusive.” On the other hand, the action has certain appellate (or, more correctly, review) characteristics in that it can be brought only “as an appeal from the determination of the board”. In addition, the Board must file with the clerk of the court a certified record of its hearing in the matter, and the court may refer any issue to the Board for further consideration.
Since section 111 requires the Board to file with the clerk of the court a record of its hearing; the court must weigh that record along with the other evidence, if any, before it in arriving at its determination. The court, being mindful of the elaborate rule-making procedure, including the holding of public hearings, followed by the Board (see 5 Benjamin, Administrative Adjudication of the State of New York [1942], p. 19 et seq.) should give, and has here given, in arriving at its independent determination, great weight to the record so filed by the Board, as well as to the determination made by the Board thereon.
The legal principles applicable to judicial consideration of administrative actions are well settled. As was stated by Chief Judge CoNway of the Court of Appeals, “In the review of determinations of administrative bodies, the power of the courts is narrowly circumscribed ” (Matter of Kilgus v. Board of Estimate, 308 N. Y. 620, 627).
Plaintiff raises no objection to section 202-a. It objects solely to certain subdivisions of rule 41 as being invalid and unreasonable essentially for the reason that they are not authorized by section 202-a. The issues raised herein were submitted to the court on the pleadings and the record of the aforementioned proceeding before the Board.
The court holds that the challenged subdivisions are wholly responsive to the mandate of the statute and are valid and reasonable, that the adoption thereof was neither arbitrary nor capricious, and that plaintiff ’s objections are without merit.
Plaintiff contends that subdivision 41-2.9 is invalid and unreasonable because it excludes from the definition of “ safety device ” á device used only, in aid of balance, such as a balancing pole. The court finds that section 202-a does not concern itself with the type of equipment that helps the performer to keep his balance or do his act. It is concerned with what .happens *1074 to the performer or others after the performer has lost his balance and falls to the ground. Thus, section 202-a requires that there be provided “ a safety belt, life-net, or other safety device of similar purpose suitably constructed and placed to arrest or cushion his fall and minimize the risk of such injury ” therefrom. (Emphasis supplied.) Consequently, the court holds that subdivision 41-2.9 is both valid and reasonable.
Plaintiff further contends that subdivisions 41-3.1, 41-3.2, 41-3.3, 41-3.4, 41-5.1, 41-5.2 and 41-5.5 of the rule in question are invalid and unreasonable because they compel the adoption of certain procedures which are not authorized by section 202-a. These subdivisions require generally that a safety supervisor with certain qualifications be appointed to perform certain safety functions, that certain obstructions and unnecessary persons be removed from the area of possible fall, and that life-nets that are used as safety devices are to cover the total area of possible fall. The court holds that these subdivisions are clearly authorized by section 202-a. Subdivision 2 of that section not only authorizes the Board to make rules ‘ ‘ designating safety devices of an approved type, strength and location ”, but it also authorizes such rules “ otherwise effectuating the purposes hereof.”
In addition, the subdivisions challenged by plaintiff are authorized by the following sections of the Labor Law:
“§ 28. Buies of the board of standards and appeals. * * *
¡< c * # #
‘ ‘ It being the policy and intent of this chapter that all places to which it applies shall be so constructed, equipped, arranged, operated and conducted in all respects as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein, and frequenting the same, and that the board shall from time to time make such rules as will effectuate such policy and intent.” (Emphasis supplied.)
“ § 200. General duty to protect health and safety of employees. All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein. The board shall make rules to carry into effect the provisions of this section.”
Plaintiff also argues in its brief that subdivisions 41-5.1, 41-5.2 and 41-5.5, which require that obstructions be removed from the area of possible fall and that nets are to cover the total area of possible fall will interfere with the simultaneous functioning of other acts and will detract from the excitement *1075 of its circus by eliminating tbe illusion of great risk. The answers to this argument are, first that section 202-a and rule 41 do not apply to plaintiff alone, hut have State-wide application encompassing other circuses, as well as carnivals, fairs, theatres, moving-picture houses, public halls, or other places of assembly, resort or amusement. Consequently, the possible fact alone that a rule of general application affects plaintiff’s business adversely is no ground for declaring such rule invalid or unreasonable. (Cf. Hegeman Farms Corp. v. Baldwin, 293 U. S. 163, 170; Fox v. Standard Oil Co., 294 U. S. 87, 102. )
Secondly, plaintiff’s argument focuses exclusively on itself and its performers. ' However, rule 41, pursuant to sections 202-a and 28, is also designed to protect from serious injury members of the viewing public and other persons on the premises who are not part of the performing act.
Any motions on which decision was reserved and not specifically disposed of by this decision are denied.
Judgment, without costs, is accordingly granted the defendants dismissing the complaint on the merits.
This opinion constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.
Settle judgment.