**CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC.,** Division of St. Mary's Hospital; The Niagara Falls Memorial Hospital; and other hospitals similarly situated, Plaintiffs,

v.

Nelson A. **ROCKEFELLER,** Governor of the State of New York; Hollis S. Ingraham, Commissioner of Health of the State of New York; George K. Wyman, Commissioner of Social Services of the State of New York; and T. Norman Hurd, Director of the Budget of the State of New York, Defendants.

No. 69–C–641.

United States District Court
E. D. New York.

Dec. 8, 1969.

Harris, Beach & Wilcox, Rochester, N. Y., for plaintiffs; by James M. Hartman, Rochester, N. Y., of counsel.

Louis J. Lefkowitz, Atty. Gen., State of New York, for defendants; by George D. Zuckerman, Asst. Atty. Gen., New York City, of Counsel.

James C. Callison, Regional Commissioner, Dept. of H. E. W., New York City, Amicus Curiae; by William D. Ruckelshaus, Asst. Atty. Gen., Edward A. Neaher, U. S. Atty., E.D.N.Y., Harland F. Leathers, Jeffrey F. Axelrad, Attys., Dept. of Justice, of counsel.

Before FRIENDLY, Circuit Judge, and MISHLER and JUDD, District Judges.

## MEMORANDUM AND DECLARATORY JUDGMENT

JUDD, District Judge.

The Secretary of Health, Education and Welfare has submitted a brief *amicus curiae* in response to the invitation in this court's Interim Memorandum. 305 F.Supp. 1256.

The Interim Memorandum pointed out the apparent conflict between federal standards for payment for inpatient hospital services and the New York freeze of rates for such payment, but also took note of the state's arguments about H E W's administrative expertise and about the doctrine of primary jurisdiction, to the extent of deferring decision until H E W could express its views.

The H E W *amicus* brief deals with both the merits and the available remedies.

On the merits, H E W plainly states that the absence of retroactive adjustment for reasonable cost of inpatient hospital services under the New York statute is inconsistent with federal regulations issued under the Social Security Act, and specifically that

"there must be retroactive adjustments or an allowance in lieu of retroactive payments so that the hospitals are paid the full actual and current costs of the services furnished to eligible individuals."

Correspondence between the Regional Commissioner of Health, Education and Welfare and New York's Commissioner of Social Services, since this court's Interim Memorandum, states that the Regional Commissioner is unable to approve the change made in the New York State plan by the freeze legislation, and that the matter is being referred to the Administrator of the Social and Rehabilitation Service for final determination.

On the subject of remedies, the H E W brief points out that (1) the only federal administrative sanction is

a prospective termination of payments to the state, and (2) H E W cannot compel New York State to pay the hospitals the difference between the rate to which they were entitled under Title XIX and the rate they were actually paid. However, it states that

"States often clear up problems in their programs when H E W points out that a question whether the State's Title XIX plan meets Federal requirements may be presented. However, the final decision whether to comply with the requirements of Title XIX rests with the State."

Finally, H E W states that hospitals have no standing as of right in an administrative hearing to terminate federal payments. Even if they were permitted to participate as *amici curiae*, the hearing could not compel New York to make back payments to the hospitals.

While H E W's position that the New York freeze violates the Social Security Act and the H E W regulations is not conclusive, we find its arguments entirely persuasive on a doubtful issue of construction where great weight should be given to administrative expertise. See Skidmore v. Swift & Co., 323 U.S. 134, 140, 65 S.Ct. 161, 164, 89 L.Ed. 124 (1944).

Defendants have submitted a copy of an announcement by Governor Rockefeller of steps which New York State has taken, since the Interim Memorandum, to relieve some of the deficits of the hospitals who have provided service under Title XIX. For the period from July 1, 1967 to March 31, 1969, Governor Rockefeller has directed the State Health Commissioner to make payments retroactively (estimated at $30,000,000) for the actual costs in treating Medicaid patients, rather than according to the rate schedule. No adjustment has yet been proposed by New York State to assure payment of actual costs for the period from March 31, 1969 to December 31, 1969, the period covered by the statutory freeze, but the Governor's statement sets forth:

"However, it is clear that additional immediate steps are necessary to meet the fiscal crisis that confronts many hospitals and to insure the continuation of these vital health services.

"In order to give this new plan maximum impact, I am asking that priority be given to hospitals which certify a financial emergency.

"I am also asking Social Services Commissioner George Wyman to work with the Federal Government to develop a mechanism for the payment of these adjustments in a lump sum."

The H E W submission and the report of action by New York State bring into play the principle set forth in United States v. Western Pacific R. Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956), and cited in our Interim Memorandum, that the application of the doctrine of primary jurisdiction must be determined in each litigation in the light of the reasons and purpose of the doctrine. Given the limitations on H E W's power to take action that will protect the rights of providers of services, its statement that the New York freeze is inconsistent with federal requirements, and the apparent state purpose to act in conformity with federal requirements, it is appropriate here for the court to adjudicate the questions presented by the complaint.

The state's motion for summary judgment, the documents submitted by both parties, and the developments since the argument, show that there is no substantial dispute on material facts concerning the first cause of action, relating to the conflict between the state freeze and the federal statute and regulations. In determining that such a conflict exists, the court does not interfere with H E W's administrative powers, but effectively undergirds them.

Plaintiffs' request for an injunction presents questions of the effectiveness and necessity of that remedy. A mandatory injunction directing state officers to pay money that has not been

appropriated would be an extreme exercise of federal judicial power. Since the state has shown a desire to comply with applicable federal requirements, the court may assume that it will abide by a judicial declaration of rights without having to be compelled to do so by injunction. Relief by way of declaratory judgment should meet the situation adequately. If further state action is unreasonably delayed, plaintiffs may apply for supplemental injunctive relief, with opportunity for both parties to discuss the form that an injunction should take.

For the reasons set out above and in the Interim Memorandum, the court therefore

■ (1) ADJUDGES that the provisions of Chapters 184 and 957 of the New York Laws of 1969, amending Section 2807(2) of the Public Health Law of the State of New York, McK. Consol. Laws, c. 45, insofar as they forbid full payment to hospitals of the actual reasonable cost of inpatient services rendered to participants in the New York medical assistance plan, are in conflict with the United States Social Security Law and the regulations thereunder, particularly Section 1396a(a) (13) (D) of Title 42 of the United States Code, Supplement D–5360 of the Handbook of Public Assistance, and S.R.S. Program Regulation 40–4, and therefore violate the supremacy clause in Article VI of the United States Constitution and are void and ineffective;

■ (2) ADJUDGES that as long as New York State participates in a plan for medical assistance to the medically indigent under the provisions of Title XIX of the Social Security Act, it must provide for payments to hospitals of the full actual and current costs of inpatient hospital services furnished to eligible individuals, including retroactive payments or an allowance in lieu of retroactive payments;

(3) ORDERS and ADJUDGES that the foregoing adjudications shall not prevent the State of New York from taking appropriate steps to assure that payments to hospitals are not in excess of reasonable charges consistent with efficiency, economy and quality of care;

(4) ORDERS and ADJUDGES that nothing herein shall impair any rights which plaintiffs and other hospitals in the class represented by plaintiffs may have in the New York Court of Claims or elsewhere against the State of New York or any state agency;

(5) ORDERS and DETERMINES that it is unnecessary to adjudicate the constitutional issues concerning Chapters 419 and 762 of the New York Laws of 1969, Public Health Law §§ 2805–a, 2806, set forth in the second and third causes of action in the amended complaint, in view of the adjudications concerning the first cause of action; and

(6) ORDERS that any party may apply at the foot of this judgment for a more detailed declaration of rights or for such other and further relief as may be appropriate.

No costs are allowed to either party.