430 F.2d 1297
 CATHOLIC MEDICAL CENTER OF BROOKLYN AND QUEENS, INC.,
DIVISION OF ST. MARY'S HOSPITAL, the Niagara Falls
Memorial Hospital: and other hospitals
similarly situated, Plaintiffs-Appellees,
v.
Nelson A. ROCKEFELLER, Governor of the State of New York;
Hollis S. Ingraham, Commissioner of Health of the State of
New York; George K. Wyman, Commissioner of Social Services
of the State of New York; and T. Norman Hurd, Director of
the Budget of the State of New York, Defendants-Appellants.
 No. 921, Docket 35006.
 United States Court of Appeals, Second Circuit.
 Argued July 15, 1970.
Decided July 29, 1970.
 
 James M. Hartman, Richard L. Epstein, William L. Dorr, Paul R. Braunsdorf, Rochester, N.Y., of counsel, for plaintiffs-appellees.
 George D. Zuckerman, Lloyd G. Milliken, Asst. Attys. Gen., Samuel A. Hirshowitz, First Asst. Atty. Gen., Louis J. Lefkowitz, Atty. Gen., New York City, for defendants-appellants.
 Before LUMBARD, Chief Judge, and WATERMAN and HAYS, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is an appeal by the defendant officers of the State of New York from a declaratory judgment entered by a three judge district court sitting in the Eastern District of New York. The district court held, as the plaintiff hospitals had alleged in their first of three causes of action, that Chapters 184 and 957 of the New York Laws of 1969, amending Section 2807(2) of New York's Public Health Law, McKinney's Consol.Laws, c. 45, are in conflict with pertinent federal statutes and regulations and violate the Supremacy Clause in Article VI of the United States Constitution.
 
 
 2
 As we affirm the declaratory judgment below on the two reasoned opinions of the district court which are reported at 305 F.Supp. 1256 and 305 F.Supp. 1268, we find it unnecessary to spell out anew the constitutional issues presented by the three causes of action contained in the hospitals' complaint or to review the pleadings below. The posture of the case is satisfactorily set forth in those opinions. It suffices to state that the court below, adjudicating counter-motions upon voluminous affidavits and pre-trial depositions, found it necessary to reach but the first cause of action.
 
 
 3
 The first opinion of the district court, reported at 305 F.Supp. 1256 (EDNY 1969), was handed down on October 29, 1969, and was an interim memorandum opinion which deferred entry of judgment until the U.S. Department of Health, Education, and Welfare had had an opportunity to express its views if it cared to do so. Within 30 days the Secretary of that Department submitted a brief amicus curiae and, on December 8, 1969, the district court filed its second memorandum opinion, reported at 305 F.Supp. 1268 (EDNY 1969), concluding with a six paragraph order, id. at 1271, of which paragraphs (1) and (2) follow:
 
 The court
 
 4
 (1) Adjudges that the provisions of Chapters 184 and 957 of the New York Laws of 1969, amending Section 2807(2) of the Public Health Law of the State of New York, McK.Consol. Laws, c. 45, insofar as they forbid full payment to hospitals of the actual reasonable cost of inpatient services rendered to participants in the New York medical assistance plan, are in conflict with the United States Social Security Law and the regulations thereunder, particularly Section 1396a(a)(13)(D) of Title 42 of the United States Code, Supplement D-5360 of the Handbook of Public Assistance, and S.R.S. Program Regulation 40-4, and therefore violate the supremacy clause in Article VI of the United States Constitution and are void and ineffective;
 
 
 5
 (2) Adjudges that as long as New York State participates in a plan for medical assistance to the medically indigent under the provisions of Title XIX of the Social Security Act, it must provide for payments to hospitals of the full actual and current costs of inpatient hospital services furnished to eligible individuals, including retroactive payments or an allowance in lieu of retroactive payments;
 
 
 6
 The declaratory judgment was appealed to the United States Supreme Court by the New York State officers. On May 4, 1970, the Court held, 397 U.S. 820, 90 S.Ct. 1517, 25 L.Ed.2d 806 (1970) that the order was not appealable under 28 U.S.C. 1253, and remanded the case to the district court so that the district court might enter a fresh decree from which timely appeal could be taken to our court of appeals.
 
 
 7
 The three-judge district court complied. It held no further hearing, and, on June 8, 1970, repeated verbatim its previous six-paragraph declaratory judgment order and filed it. The New York State officers appeal the two above-quoted provisions of the order.
 
 
 8
 As stated above, we concur with the cogent reasoning of the district court contained in the opinions at 305 F.Supp. 1256, 1268, and agree that the New York statute the hospitals attack violates the Supremacy Clause of Article VI of the United States Constitution.
 
 
 9
 The judgment below is affirmed.