In the Matter of NORTON BLUE et al., Doing Business as NEW PALTZ NURSING HOME, Respondents, v ROBERT P. WHALEN, as Commissioner of Health of the State of New York, Appellant.

Third Department, May 12, 1977

*Louis J. Lefkowitz, Attorney-General (John M. Dufur* and *Ruth Kessler Toch* of counsel), for appellant.

*O'Connell & Aronowitz (Cornelius D. Murray* of counsel), for respondents.

HERLIHY, J. The petitioners are the owners and operators of a 79-bed nursing home enterprise in New Paltz, New York. The enterprise is licensed by the Department of Health and the appellant pursuant to article 28 of the Public Health Law. The petitioners have accepted medicaid patients pursuant to a so-called "provider" agreement signed by the petitioner, Norton Blue, and apparently filed with the Department of Social Services.

By a notice dated December 3, 1974, the petitioners were charged by a representative of the appellant with having violated subdivision 1 of section 730.2 of the regulations of the Department of Health (10 NYCRR 730.2 [1]) "as existing prior to October 11, 1974 and * * * as presently constituted in that the operator of the subject facility had discriminated because of sponsor in admission and/or retention of patients."

The said regulation (10 NYCRR 730.2 [1]) prior to October 11, 1974 provided as follows: "[A nursing home operator shall] not discriminate because of race, color or sponsor in admission or retention of patients in accordance with the established written policies of the nursing home."

Effective October 11, 1974 the language "in accordance with the established written policies of the nursing home" was omitted and it read: "[A nursing home operator shall] not discriminate because of race, color, blindness or sponsorship in admission, retention and care of patients."

By a letter dated December 24, 1974 the appellant amplified its charge of discrimination by reciting that petitioners had discriminated both as to admitting patients and retaining them because of sponsor.

Following a hearing, the hearing officer and the appellant both found that, as a matter of fact, there had been no discrimination by the petitioners as to any patient in regard to sponsor. However, it was found that there had been "a technical violation" of the subject rule (730.2 [1]) apparently because the petitioners did not state in their "Consent and

Statement of Rates and Charges" contract or agreement, which each patient must sign on admission, that they did not discriminate based upon "sponsor" or "sponsorship". The order of the appellant, entered upon the finding that there had been no discrimination as to any patient because of his or her sponsor and that there was a violation of rule 730.2 (1) by virtue of language in the admission agreement, imposed *no penalty.*

However, the order of the appellant does direct the petitioners to delete certain language from the admission agreement which would indicate that it limits the acceptance of Medicaid patients and then orders the insertion of the following language: "State and Federal Laws prohibit discrimination based on race, creed, color, national origin, sex, or sponsor in the admission, retention and care of patients." The order also states that if the petitioners do not add such language to their admission agreement, certain penalties involving their certificate to operate and fines of $1,000 per day would ensue.

The petitioners in their petition allege, *inter alia,* "the regulation in question does not require an admission statement" and seek an order "(a) vacating the Respondent's order, (b) declaring § 730.2(1) of the State Hospital Code invalid, (c) granting [costs and disbursements, etc.]". Special Term in its decision noted that the issues raised by the petitioners did not involve an issue of substantial evidence and, therefore, it proceeded to determine the merits.

Special Term found that there was no statutory authority for the adoption of the subject rule (10 NYCRR 730.2 [1]) and, therefore, annulled the appellant's order. The judgment of Special Term does not make any declaration as to the legality of the subject rule; however, it annuls the appellant's order in accordance with Special Term's decision.

Upon this appeal the appellant and the petitioners argue the legality of the subject rule (10 NYCRR 730.2 [1]); however, that issue cannot be reached unless this court first determines that the regulation would support the order of the appellant requiring the petitioners to publicize that they do not discriminate because of sponsor and further to put the above-quoted language in its admission agreement.

It is clear from a reading of section 730.2 that it specifies various provisions which must be placed in the admission agreement and/or service agreements (10 NYCRR 730.2 [d],

[h]) between a proprietor of a nursing home and patients or sponsors. There is no reference that a statement as to discrimination must be included in such agreements and the language of the section does not rationally admit of any such construction. Accordingly, so much of the appellant's order as found a violation of subdivision 1 of section 730.2 based upon the form of the admission agreement is without any basis.

To the extent that the admission agreement recites that petitioners do limit the number of Medicaid patients accepted by them, the subject rule does not in any way prohibit such language in the form. As the regulation read during the period in question and reads at the present time, it does not require or prohibit any particular language as to the discrimination in forms used by the petitioners unless such language should actually constitute a discrimination. As noted hereinabove, the appellant has found that there was no discrimination as to people admitted to the institution and the rule only prohibits discrimination.

The appellant, of course, has the right to require by regulation that a nursing home include in its admission agreement a statement that it does not discriminate on the basis of sponsorship; however, such a regulation must be made to apply to all nursing homes and be contained in that part of section 730.2 pertaining to written admission agreements. To apply it as suggested by the appellant would make the regulation ambiguous where there is no necessity for such circumstance. However, although that regulation can validly require nursing home operators not to discriminate based upon sponsorship, it can do so only if reimbursement rates are not lower than the fee charged other patients. In the case of *Matter of Kaye v Whalen* (56 AD2d 111) the majority opinion finds that nursing home operators are free to accept or reject patients at the Medicaid rate. (See, also, *Matter of Sigety v Ingraham*, 29 NY2d 110, 115.) Accordingly, the order entered herein cannot be upheld upon a general theory of power flowing from subdivision 1 of section 730.2 of the regulations.

The judgment should be affirmed, with costs.

KOREMAN, P. J., GREENBLOTT, MAIN and LARKIN, JJ., concur.

Judgment affirmed, with costs.