OPINION OF THE COURT
Memorandum.
At issue on this appeal is the rate of Medicaid reimbursement for care provided by the petitioners, operators of the Kent Nursing Home, for the fiscal year July 1, 1968 to June 30, 1969. Authority to establish reimbursement rates is confer *764 red on the State Commissioner of Health and such rates must be "reasonably related to the costs of providing such service.” (Public Health Law, § 2807, subd 3;* Matter of Sigety vIngraham, 29 NY2d 110.) Implementing this statute, the commissioner promulgated a regulation (10 NYCRR 770.2 [e]; repealed Jan., 1970) which provides: "The per patient day cost of care shall be determined by dividing the total allowance expense by the total patient days of care during the year for each nursing home.” At that time, the rate of reimbursement was prospectively fixed, based on the actual costs of the prior year, ending December 30,1967. The petitioners began this operation on July 1,1967; thus, their 1967 statistics only represented a six-month period. The data submitted by petitioners included certain nonrecurring costs and indicated that the nursing home was utilized only to 55% of capacity. This figure was somewhat misleading, however. As a natural consequence of the home’s continued operation, a sharp increase in the occupancy rate was to be expected during the coming year.
The commissioner, believing it inappropriate to base a future rate on data reflecting such low utilization since it did not accurately or reasonably represent past or future costs, estimated an occupancy rate of 80% in his computations, based on the utilization experience of other nursing homes in the same geographical area over a period of one year. The commissioner concluded that the only regulation which might arguably be relevant was restricted to nursing homes which had been in operation for the requisite period. Confronted then with the prescriptions of the statute, and no applicable implementary regulation, the commissioner, on an ad hoc basis and in no way relying on the authority of the inapplicable regulation, made a determination as to the reimbursement rate to which the nursing home would be entitled in accordance with the mandate of the statute. Since there has been no demonstration that this determination was arbitrary and capricious or in violation of the statute, we believe the determination of the commissioner should be sustained. For the same reasons, the commissioner’s use of a lower percentage factor for the current cost adjustment than that prescribed in the regulation was also proper. (10 NYCRR 770.2 [f].)
Accordingly, the order of the Appellate Division should be reversed, without costs, and the determination of the State Commissioner of Health reinstated.
*765 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.

 (L 1968, ch 862, as amd.)