■ In the Matter of ISRAEL LEFKOWITZ, Doing Business as PALM GARDENS NURSING HOME, et al., Appellants, v ROBERT P. WHALEN, as Commissioner of the Department of Health of the State of New York, et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered April 6, 1979 in Albany County, which converted the proceeding brought by the petitioners pursuant to CPLR article 78 to an action for declaratory judgment and dismissed the petition without prejudice to such other administrative or legal relief to which petitioners may be entitled. Petitioner Palm Gardens Nursing Home (Palm Gardens) and Fieldston Lodge Nursing Home (Fieldston Lodge) are both proprietary residential health care facilities licensed by respondents and participate in the Federal-State Medicaid program. Pursuant to article 28 of the Public Health Law petitioners are reimbursed at rates established by respondents. Petitioners are also members of the Metropolitan New York Nursing Home Association (Association), which represents various health care facilities in collective bargaining agreements with a certain union. In June of 1977 the Association completed negotiations with this union for a new contract. Petitioners and the Association maintain that they agreed to the contract based on the promise of respondent Commissioner Whalen to adequately reimburse the Association's members suffering financial hardship due to the increased costs which would result from the contract and that the proper amounts of reimbursement would be established through on-site management assessments conducted at the facilities. It is also contended by petitioners that the agreement is reflected in a series of letters between the Association and respondents. Respondents deny such an agreement was made but acknowledge that assessments were to be conducted. When the parties were unable to resolve their differences as to the proper rate, a CPLR article 78 proceeding was commenced seeking an order adjudging that the reimbursement rates fixed by respondents were not reasonably related to the cost of efficient production of services and directing respondents to retroactively increase petitioners' 1977 reimbursement rates. Special Term converted the proceeding into an action for declaratory judgment under CPLR 103 (subd [c]), and dismissed without prejudice to petitioners seeking such other administrative or legal relief to which they may be entitled. This appeal ensued. Initially, we point out that Special Term properly converted the proceeding to an action for declaratory judgment (Matter of Park Crescent Nursing Home v Whalen, 55 AD2d 801). We are also of the opinion that Special Term properly concluded that petitioners had not failed to exhaust their administrative remedies and that the petition stated a cause of action. We now pass to the critical issue of whether respondents entered into an agreement obligating them to reimburse petitioners for actual costs resulting from increased labor costs. In passing on the merits, Special Term found, inter alia, that no agreement existed between the Association and respondents obligating respondents to reimburse petitioners for increased 1977 labor costs; that respondents' action in not basing the rates on actual costs was not unreasonable, arbitrary or capricious; and that respondents

had not violated the regulations governing the setting of reimbursement rates. From our examination of the correspondence between the Association and respondents, we are of the view that it fails to establish any agreement on the part of respondents to reimburse petitioners for the actual costs resulting from the increase in labor costs occasioned by the contract. The language of the letters merely demonstrates an obligation of respondents to review the operation of nursing homes by conducting management assessments and to make adjustments to rates when supported by assessments in "hardship" facilities. Furthermore, the correspondence demonstrates that petitioners recognize that both downward and upward adjustments could result from the process. We also reject petitioners' contention that there must be a reversal since respondents' assessment was improperly conducted pursuant to 10 NYCRR 86-2.14 (a) (7). Such assessment, in our view, was not inconsistent with sections 2807 and 2808 of the Public Health Law and was neither arbitrary nor capricious and, therefore, there must be an affirmance (see *Matter of Sigety v Ingraham*, 29 NY2d 110, 114). We have considered all other arguments urged by petitioners for reversal and find them unpersuasive. Order affirmed, with costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.