■ In the Matter of DAVID BLACHLY, Appellant, v DAVID HARRIS, as Commissioner of the Department of Health Services of Suffolk County, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Department of Health Services of Suffolk County denying the petitioner's application for approval to operate a 40-unit trailer park, the appeal is from a judgment of the Supreme Court, Suffolk County (Orgera, J.), entered February 21, 1985, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner initially sought approval to operate a 44-unit trailer park on a 6.5-acre site in the Town of Islip, but then later modified his plan to provide for only a 40-unit park. Pursuant to the proposed plan, the trailer park was to be serviced with public water and each trailer was to be equipped with a private independent sewage disposal system, such as a cesspool or septic tank. The petitioner sought approval of this plan under part II of the Standards for Sewage and Waste Disposal Systems of the Suffolk County Department of Health Services, Division of Public Health, which delineates the standards for residential subsurface sewage disposal facilities. Under these standards, a trailer is expected to generate 450 gallons of sewage per day, for a total daily sewage discharge of 18,000 gallons for 40 trailers. Part II provides that *"properly designed and constructed,* private [sewage] facilities may be

installed in accordance with the established standards of the department" if the design flow of a multifamily housing project is less than 30,000 gallons a day. Thus, it would appear that a superficial application of the part II standards would permit the construction of the trailer park as proposed by the petitioner. Approval was nevertheless denied. Ultimately the petitioner was given permission to construct a 26-unit trailer park utilizing independent sewage disposal systems for each unit. Negotiations ensued and, in an attempt to obtain approval, the petitioner further modified his proposal to provide for a 42-unit trailer park in which 26 of the units were to be serviced by individual private sewage disposal systems and the remaining 16 units were to be connected to an existing sewage treatment plant. Approval was again denied.

On appeal, the petitioner maintains that the respondents acted arbitrarily and capriciously in denying approval to his proposed plan.

Pursuant to part II of these standards, the respondents have the authority to impose "more stringent requirements in a specific case when necessary to insure an adequate and satisfactory sewage disposal system for new construction", and their exercise of this discretion was not, under these circumstances, arbitrary or capricious. Part I of these standards delineates the standards for the design of residential subsurface sewage disposal facilities. Under this section, a one-family residence, which is expected to generate 900 gallons of sewage per day, must be constructed on a one-half acre plot if private independent sewage disposal facilities are to be employed. The respondents, in permitting the petitioner to construct a 26-unit park, allotted one-quarter acre of land for each trailer unit which is expected to generate 450 gallons of sewage per day. Since a trailer is expected to generate only half the amount of sewage that would normally be generated by a one-family residence, the petitioner has been afforded permission to construct a trailer park containing twice the number of trailers than the amount of one-family homes which would normally be permitted to be constructed on this size tract of land. Apparently, the respondents chose to exercise their discretion in this manner due to the similarity in nature between permanent trailers (as opposed to transient camping trailers) and one-family residences. The determination, which is neither arbitrary or capricious, is reasonably grounded in the record and, accordingly, should not be disturbed (see, Matter of Howard v Wyman, 28 NY2d 434; Matter of Bernstein v Toia, 43 NY2d 437; Matter of Johnson v Joy, 48 NY2d 689;

see also, Matter of Sigety v Ingraham, 29 NY2d 110; Matter of Roosevelt Hosp. v New York State Labor Relations Bd., 27 NY2d 25). Mollen, P. J., Lazer, Mangano and Lawrence, JJ., concur.