**MEDIC HOUSE, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, Respondent.**

**No. 72646.**

Supreme Court of Missouri, En Banc.

Nov. 20, 1990.

---

James P. Rosenbloom, Kansas City, for appellant.

William L. Webster, Atty. Gen., Carole L. Iles, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

Medic House sells and rents durable medical equipment for home use. At issue in this case is an assessment by the Director of Revenue of sales tax for the period July 1, 1984, through June 30, 1987, on sales and rentals of a variety of items, including crutches, wheelchairs, walkers, beds, canes, oxygen, commodes, underpads, and exercise machines. Medic House challenged the assessment by filing a petition with the Administrative Hearing Commission alleging that the transactions were exempt from sales tax under section 144.-030.2(18), RSMo. Following a hearing, the

Commission issued its Findings of Fact and Conclusions of Law and ruled that Medic House failed to show that the Director's assessments were erroneous. Medic House seeks review of the Commission's ruling. Affirmed.

■ Appellant argues that the Commission erred in not finding that the sale of medical grade oxygen is exempt from sales tax because oxygen is a drug that may be dispensed by a licensed pharmacist upon the prescription of a licensed physician, as defined by section 144.030.2(18). The exemption applies, however, only to drugs that a licensed pharmacist may dispense only upon a lawful prescription. Individuals other than pharmacists may dispense oxygen, such as firefighters and athletic coaches. The transcript of the administrative hearing shows that Medic House distributes oxygen without the involvement of its pharmacists. This exemption does not apply.

■ In addition to prescription drugs, section 144.030.2(18) exempts from sales tax "all sales of insulin and prosthetic or orthopedic devices as defined on January 1, 1980, by the federal medicare program under Title XVIII of the Social Security Act of 1965, including the items specified in Section 1862(a)(12) of that act...." The Social Security Act defines prosthetic devices as those which "replace all or part of an internal body organ." 42 U.S.C. § 1395x(s)(8) (1983). Appellant contends that oxygen is a prosthetic device as defined by these provisions. This assertion is refuted by evidence that the administration of oxygen supplements lung activity as opposed to replacing it. Medic House is not entitled to an exemption on this ground.

■ Appellant further argues that the articles sold other than oxygen and oxygen therapy equipment were orthopedic devices within the meaning of section 144.030.2(18) and subject to tax exemption. Nevertheless, as the Commission found, Medic House has not met its burden of proof under section 621.050, RSMo, on the issue. The Director's assessment of tax on these items is consistent with applicable law. The Social Security Act does not define "orthopedic devices" per se. The definitional section of the Act lists leg, arm, back and neck braces, and artificial limbs in one category and lists wheelchairs and hospital beds as "durable medical equipment." *See* 42 U.S.C. § 1395x(s)(6), 1395x(s)(9) (West 1983). Appellant relies on *Akron Home Medical Services, Inc. v. Lindley*, 25 Ohio St.3d 107, 495 N.E.2d 417 (1986), which construed a statute such that wheelchairs and similar items were tax exempt. The enactment in *Akron*, however, specifically listed wheelchairs as exempt and did not refer to the Social Security Act. The Commission's ruling is also consistent with Missouri's Code of State Regulations; 12 CSR 10–3.852(3) states that wheelchairs, walkers, and crutches are subject to sales tax. This language was present in the original proposed rule filed in August 1988.

■ Appellant further asserts that the Director acted arbitrarily and capriciously in interpreting the term "prosthetic devices" as used in section 144.030.2(18). Appellant refers to guidelines issued by the Director; one defines prosthetic devices as those that replace a malfunctioning body organ, and another requires the item be sold or furnished upon a physician's order. They were not offered as evidence. Section 144.030.2(18) adopts the definition of prosthetic devices found in the Social Security Act. That act mandates that such devices be medically required, *see* 42 U.S.C. §§ 1395n(a)(2)(B), 1395x(s)(9) (West 1983); it is in no way inconsistent with the guidelines described by appellant, and the necessity of a doctor's prescription is irrelevant to the disposition of this case.

■ Appellant claims that the imposition of Missouri sales tax on items covered by Medicare Part B is arbitrary and capricious, in conflict with federal law, and a violation of appellant's right to equal protection and due process. Appellant asserts that the Director has not applied the provisions of the applicable statute in a consistent and reasonable manner.

■ A taxpayer is not relieved of an obligation to pay taxes simply because the Director has failed to assess the tax cor-

rectly against other taxpayers. As the Administrative Hearing Commission noted in *Shuler v. Director of Revenue*, Case No. RS–88–1470 (Mo.AHC, September 22, 1989), the issue on review is not whether the Director has been consistent, but whether the items in question are subject to taxation.

■ Appellant asserts that the state taxation scheme conflicts with federal law. Medicare does not reimburse appellant for the sales tax charge; from this appellant infers that application of the sales tax to the items in question is contrary to the General Assembly's intent in enacting the sales tax law and violates the Supremacy Clause.

Medicare provides a method of requesting review of charges. *See* Medicare Part B Carriers Manual § 5010.2. Further, the Ohio Supreme Court in *Akron Home Medical Services*, 495 N.E.2d 417, held that Medicare sales were not exempt from Ohio sales tax as being beyond the reach of state taxation under the United States Constitution because such an assessment did not constitute a direct tax. *Id.*, 495 N.E.2d at 421.

Appellant relies on *Catholic Medical Center of Brooklyn & Queens, Inc. v. Rockefeller*, 430 F.2d 1297 (2nd Cir.1970), *appeal dismissed*, 400 U.S. 931, 91 S.Ct. 246, 27 L.Ed.2d 262 (1970), in its attempt to demonstrate that the Director's assessment violates the Supremacy Clause of the United States Constitution. *Rockefeller* held that the New York Public Health Law, insofar as it forbade full payment to hospitals of actual reasonable costs with respect to inpatient services rendered to participants in the New York Medical Assistance Plan, was in conflict with the Social Security Act and the regulations thereunder and therefore violated the Supremacy Clause. *Id.* at 1299. *Rockefeller* involved a freeze on rates paid by the state with Medicaid funds (*see Catholic Medical Center of Brooklyn & Queens v. Rockefeller*, 305 F.Supp. 1256 (E.D.N.Y.1969)) and has no application here.

Appellant further argues that because oxygen is regarded as a prescription drug under the Federal Food, Drug, and Cosmetic Act, the Director violates the Supremacy Clause by excluding oxygen from the ambit of nontaxable drugs. This argument fails considering that non-pharmacists such as football coaches may dispense oxygen, hence removing oxygen from the exemption.

■ Appellant asserts that the taxation scheme constitutes a deprivation of constitutional rights to equal protection and due process. The equal protection argument fails because appellant's choice of line of business and affiliation with Medicare places it in its present position as opposed to any action of the Director. The due process argument is based primarily upon the assertion that the Director's mode of taxation is arbitrary and capricious. This claim is also without merit. Although appellant asserts that the Director applied the law differently to similarly situated parties, it fails to support this assertion. Nothing indicates that the Director's actions were lacking a rational basis. *Cf. Associated Industries v. State Tax Commission*, 722 S.W.2d 916 (Mo. banc 1987), *appeal dismissed*, 483 U.S. 1014, 107 S.Ct. 3254, 97 L.Ed.2d 754 (1987). Appellant claims that it was without reasonable notice as to the meaning of the law because the Director's policies are contrary to the manifest intent of the legislature. Section 144.030.2 gives no indication that the General Assembly intended to exempt the items in question from taxation.

The decision of the Administrative Hearing Commission is affirmed.

BLACKMAR, C.J., ROBERTSON, RENDLEN, COVINGTON and HOLSTEIN, JJ., and SEILER, Senior Judge, concur.

BILLINGS, J., not sitting.