FOUR RIVERS HOME HEALTH CARE,
INC., d/b/a Four Rivers Home Care
Equipment, Appellant,

v.

DIRECTOR OF REVENUE, State
of Missouri, Respondent.

No. WD 47547.

Missouri Court of Appeals,
Western District.

June 1, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 27, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Robert Alan Zick, Washington, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., June Striegel Doughty, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and SHANGLER and SMART, JJ.

FENNER, Presiding Judge.

Appellant, Four Rivers Home Health Care, Inc. (Four Rivers), appeals the decision of the Administrative Hearing Commission (AHC) finding Four Rivers liable for unpaid sales and use tax, interest and additions as assessed by the Director of Revenue (Director).

Four Rivers sells and rents durable medical equipment and oxygen on a wholesale and retail basis. At issue in this case is an assessment by the Director of sales and use tax, interest and additions to tax in the total amount of $24,597.33 for the period of November 1, 1987 to October 31, 1990. The assessment covered the sales and rental of medical grade oxygen and various types of durable medical equipment including wheelchairs, motorized three-wheel vehicles, crutches, walkers, canes, commode chairs, pressure pads and cushions, seat lift chairs and patient lifts, arm slings, flow meters, oxygen regulators, and intermittent partial pressure breathing apparatus. Four Rivers challenged the assessment by filing a petition with the AHC alleging the subject transactions were exempt from sales tax pursuant to

section 144.030.2(18), RSMo Supp.1992.[1] The AHC ruled against Four Rivers and Four Rivers seeks review of the AHC decision.

In its appeal, Four Rivers argues first that medical grade oxygen is a prescription drug and as such it is exempt from state sales tax pursuant to section 144.030.2(18).

Section 144.030.2(18) exempts from sales and use tax the following: All sales of insulin and prosthetic or orthopedic devices as defined on January 1, 1980, by the federal medicare program under Title XVIII of the Social Security Act of 1965, including the items specified in section 1862(a)(12) of that act, and also specifically including hearing aids and hearing aid supplies and all sales of drugs which may be legally dispensed by a licensed pharmacist only upon a lawful prescription of a practitioner licensed to administer those items.

The Missouri Supreme Court has construed this exemption as applying "only to drugs that a licensed pharmacist may dispense only upon a lawful prescription." *Medic House, Inc. v. Director of Revenue,* 799 S.W.2d 80, 82 (Mo. banc 1990).

Four Rivers attempts to distinguish *Medic House* by arguing that there was a failure of proof in *Medic House* as to oxygen's status as a prescription drug. Four Rivers argues that it has established that oxygen is a prescription drug and, therefore, exempt from sales tax.

Four Rivers misinterprets the opinion in *Medic House.* The court's decision in *Medic House* was based upon the fact that even though oxygen can be prescribed, it is also subject to use without prescription. In finding oxygen subject to sales tax, the court in *Medic House* relied on the fact that "[i]ndividuals other than pharmacists may dispense oxygen, such as firefighters and athletic coaches." *Id.* at 82. Since oxygen may be dispensed other than by lawful prescription, it is not exempt from sales tax. *Id.* at 82.

Medical grade oxygen is not exempt from sales tax. Four Rivers' first point is denied.

1. All statutory references are to RSMo Supp. 1992.

In its second point, Four Rivers argues that the AHC erred by taxing the sale of the medical equipment in question. Specifically, Four Rivers argues that its sales of wheelchairs, motorized three-wheeled vehicles, crutches, walkers, canes, commode chairs, pressure pads and cushions, seat lift chairs and patient lifts, arm slings, flow meters, oxygen regulators and intermittent partial pressure breathing apparatus should be exempt from sales tax pursuant to section 144.030.2(18) as prosthetic devices.

As set forth above, section 144.030.2(18) exempts sales of "prosthetic or orthopedic devices as defined on January 1, 1980, by the federal medicare program under Title XVIII of the Social Security Act of 1965...."

The Social Security Act defines "prosthetic devices" as "devices (other than dental) which replace all or part of an internal body organ (including colostomy bags and supplies directly related to colostomy care), including replacement of such devices, and including one pair of conventional eyeglasses or contact lenses furnished subsequent to each cataract surgery with insertion of an intraocular lens." 42 U.S.C. § 1395x(s)(8) (1988).

The Code of State Regulations interprets the devices included as prosthetic under section 144.030.2(18). 12 CSR 10–3.852(2) provides as follows:

Prosthetic devices are defined by the federal Medicare Program under Title XVIII of the Social Security Act of 1965 as devices (other than dental) which replace all or part of the function of a permanently inoperative or malfunctioning internal body organ and include cardiac pacemakers; prosthetic lenses which replace the lens of an eye; breast prosthetics, including surgical brassieres for postmastectomy patients; maxillofacial devices and devices which replace all or part of the ear or nose; urinary collection systems, including Foley catheters, when replacing bladder function in cases of permanent urinary incontinence; hemodialysis equipment; colostomy and other ostomy bags and the necessary equipment required for attachment; and electronic speech aids if the patient has had a larynectomy or his/her larynx is permanently inoperative. Eyeglasses, contact lenses, bed pans and incontinent pants are not considered prosthetic devices and are subject to tax.

The Social Security Act does not define orthopedic devices, but the Code of State Regulations interprets the devices included as orthopedic under section 144.030.2(18). 12 CSR 10–3.852(3) provides as follows:

Orthopedic devices as defined by the Federal Medicare Program under Title XVIII of the Social Security Act of 1965 include rigid or semirigid leg, arm, neck and back braces and casting materials which are directly used for the purpose of supporting a weak or deformed body member or restricting or eliminating motion in a diseased or injured part of the body; trusses; artificial legs, arms and eyes including terminal devices such as artificial hands, hoods and space shoes which replace part of a foot; stump stockings and harnesses when they are essential to the effective use of an artificial limb; and orthotics. Elastic braces, elastic stockings, arm slings, elastic wraps, garter belts, wheelchairs, walkers, canes and crutches are not considered orthopedic devices and are subject to sales tax.

Rules and regulations issued under an act are to be sustained unless unreasonable and plainly inconsistent with the act and are not to be overturned except for weighty reasons. *Foremost–McKesson, Inc. v. Davis*, 488 S.W.2d 193, 197 (Mo. banc 1972) (citations omitted). The burden is upon those challenging rules and regulations issued under an act to show that the rules bear no reasonable relationship to the legislative objective. *Id.* The interpretation and construction of a statute by an agency charged with its administration is entitled to great weight. *Id.*

The regulations defining prosthetic and orthopedic devices are not unreasonable or inconsistent with section 144.030.2(18). The items listed as examples of prosthetic devices in the Missouri regulations are items which replace the function of the internal organ, rather than merely assist the organ. However, the items claimed to be exempt by Four

Rivers merely assist the skeleton, but do not replace its function.

The items claimed to be exempt by Four Rivers are not prosthetic devices as referenced under section 144.030.2(18). The Director's assessment of tax on the items in dispute here is consistent with Missouri's Code of State Regulations as well as the Social Security Act.

Four Rivers' second point is denied.

The decision of the AHC is affirmed.

All concur.