**John R. TERMINI, Appellant,**

v.

**MISSOURI GAMING COMMISSION, Respondent.**

**No. WD 51451.**

Missouri Court of Appeals, Western District.

May 7, 1996.

Charles T. Palmentere and Gary C. Haggerty, Brancato Haggerty & Palmentere L.C., Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General and Kurt P. Valentine, Assistant Attorney General, Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., and ULRICH and SMART, JJ.

ULRICH, Judge.

The issue presented is whether Chapter 313 RSMo grants the Missouri Gaming Commission express or implied authority to promulgate 11 C.S.R. 45–15.010 et seq. that asserts authority to eject or exclude persons from riverboat gambling operations.

## I. Applicable Facts

John R. Termini was notified on October 7, 1994, that the Missouri Gaming Commission was placing him on the Exclusion List pursuant to 11 C.S.R. 45–15.030(1)(A) and/or (C) because of his 1992 Class D felony conviction for conducting an illegal gambling business in violation of 18 U.S.C. Section 1955.[1] Mr. Termini was notified that he had the right to file a petition with the Gaming Commission

---

1. 11 CSR 45–15.030 states:
   Criteria for Exclusion or Ejection and Placement on an Exclusion List
   (1) The commission may place a person on the exclusion list or eject that person from a riverboat gaming operating pending a hearing if the person has
   (A) Been convicted of a felony in any jurisdiction of any crime of moral turpitude or of a crime involving gaming;
   (B) Violated either the Act or these rules;
   (C) Performed any act or had a notorious or unsavory reputation which would adversely affect public confidence and trust in gaming; or
   (D) His/her name on any valid and current exclusion list from another jurisdiction in the United States.

to request a hearing to have his name removed from the exclusion list.

Mr. Termini filed a timely request for a hearing to remove his name from the list. A hearing was held on March 29, 1995. Mr. Termini presented argument for removal of his name. The argument focused on the authority of the commission to establish an exclusion list. Mr. Termini stipulated that he had one Class D felony conviction for conducting an illegal gambling business.

The Gaming Commission adopted the hearing officer's proposed conclusions of law and final order. The hearing officer found that the commission has authority to promulgate the regulations establishing the exclusion list. Mr. Termini satisfies the criteria for placement on the list; he does not dispute his felony conviction. The commission ordered Mr. Termini's name to remain on the Missouri Gaming Commission's list of excluded persons.

## II. Mr. Termini's Contention and Discussion of the Issue

█ Mr. Termini asserts that the commission erroneously concluded that Chapter 15 of 11 C.S.R. 45 is valid because the commission did not have express or implied authority to promulgate the regulation. He also asserts that the regulation is invalid because it conflicts with and exceeds Section 313.812.14 RSMo (1994). The burden is upon the challenger of a regulation issued by authority of statute to show the regulation bears no reasonable relationship to the legislative objective. *Four Rivers Home Health Care, Inc. v. Director of Revenue*, 860 S.W.2d 2, 4 (Mo.App.1993).

█ An administrative agency enjoys no more authority than that granted by statute. *Dishon v. Rice*, 871 S.W.2d 126, 128 (Mo. App.1994). Regulations may be promulgated only to the extent of and within the delegated authority of the statute involved. *Hearst Corp. v. Director of Revenue*, 779 S.W.2d 557, 558–559 (Mo.banc.1989). The regulation in dispute was promulgated pursuant to sections 313.004, 313.800 and 313.805 RSMo 1993.

Chapter 313 RSMo contains the statutes applicable to the Gaming Commission. Section 313.004 establishes the Gaming Commission and its operations. Section 313.800 is a definitional section applicable to excursion gambling boats. The more pertinent statutory authority is section 313.805. This section states, "The commission shall have full jurisdiction over and shall supervise all gambling operations governed by section 313.800 to 313.850." Section 313.805 RSMo 1994. Among other listed powers granted to the commission in this section is the power to take any action "as may be reasonable or appropriate to enforce section 313.800 to 313.850 and the commission rules." 313.805.17 RSMo (1994).

█ Rules and regulations issued under an act will be sustained unless unreasonable and plainly inconsistent with the act and are not to be overturned except for weighty reasons. *Four Rivers Home Health Care, Inc.*, 860 S.W.2d at 4. The state argues that the regulation is consistent with the commission's authority to enact such regulations as are necessary to implement and enforce section 313.812.14.

Section 313.812.14 states:

A holder of any license shall be subject to imposition of penalties, suspension or revocation of such license, or other action for any act or failure to act by himself or his agents or employees, that is injurious to the public health, safety, morals, good order and general welfare of the people of the state of Missouri, or that would discredit or tend to discredit the Missouri gaming industry or the state of Missouri unless the licensee proves by clear and convincing evidence that it is not guilty of such action. The commission shall take appropriate action against the licensee who violates the law or the rules and regulations of the commission. Without limiting other provision of this subsection, the following acts or omissions may be grounds for such discipline:

(5) Associating with, either socially or in business affairs, or employing persons of notorious or unsavory reputation or who have extensive police records, or who have failed to cooperate with any officially con-

stituted investigatory or administrative body and would adversely affect public confidence and trust in gaming.

Chapter 15 of 11 C.S.R. 45, under the authority granted by the legislature, establishes a procedure to exclude certain people from riverboat gaming operations. 11 C.S.R. 45–15.010. "The commission may place a person on the exclusion list or eject that person from a riverboat gaming operation pending a hearing if the person has—(A) been convicted of a felony in any jurisdiction of any crime of moral turpitude or of a crime involving gaming...." 11 C.S.R. 45–15.030.

This statute controls the conduct of licensees and their agents. The regulation imposes a duty on the holder of the operator's license and his/her employees to exclude or eject from the riverboat gaming operation those persons the licensee or employee knows or reasonably should know to be excluded persons. 11 CSR 45–15.010(1). The regulation's purpose is to impose a duty upon the licensees and their employees; its purpose is not to govern the conduct of patrons.

■ The regulation provides a mechanism to aid in prohibiting "business association" between operators or their agents and individuals identified by statute. § 313.812.14(5). The regulation is designed to enforce the provisions of section 313.812.14 regarding the association of operators and their employees with persons who, because of articulated conduct, would adversely affect public confidence and trust in gaming. By excluding individuals included within section 313.812.14(5) from riverboat operations, the conduct of the licensees is controlled. The regulation comports with the legislative intent to insure public trust in the integrity of licensed gaming operations. While patrons whose names are placed on the list of persons excluded from licensed gaming operations are impacted, such impact is secondary to the intent of the statute.

The regulation provides a means by which persons affected may contest the commission's actions. The regulation provides that a person whose name is to be added to the list is to receive notice of the commission's intended action and of the opportunity to be heard. 11 CSR 45–15.040. Additionally, a person whose name is included on the exclusion list may petition the commission in writing to request that that person's name be removed from the list. 11 CSR 45–15.050.

■ 11 C.S.R. 45–15.030 does not conflict with or enlarge the statute by which the legislature granted limited regulatory power to the commission to regulate licensed riverboat gambling. The commission's regulation follows the language of the statute in identifying the criteria for placement on the exclusion list. The statute forbids licensees and their employees from associating with people of notorious and unsavory reputation, or who have extensive police records, and who would adversely affect public confidence and trust in gaming. § 313.812.14(5). Following this language, the regulation provides that a person who has been convicted of a felony or of a crime involving moral turpitude or of a crime involving gaming is to be placed on the list.

### III. Conclusion

Chapter 15 of 11 C.S.R. 45 is valid as a proper exercise of the commission's authority granted by section 313.805 RSMo 1994. The regulation does not conflict or exceed the commission's statutory authority. The commission had authority to promulgate the regulation. The Order of the Missouri Gaming Commission is affirmed.

All concur.