OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Appellant agency instituted the present proceeding to require respondents to establish reimbursement rates for *911 foster care furnished at the agency’s three diagnostic reception centers at actual audited cost. Special Term granted substitute relief (in effect that the agency be considered for reimbursement in another category) which apparently was acceptable to the agency inasmuch as it took no appeal. On appeal by respondent State agency, the Appellate Division reversed, upheld the State reimbursement rates, and dismissed the petition. We now affirm.
There is no merit to the agency’s contention before us that the State had no authority under sections 153 and 398-a of the Social Services Law to establish reimbursement rates at other than actual audited cost. Section 398-a authorizes the State department to “promulgate * * * regulations establishing standards of payment for care provided foster care children”, such standards to “include the care required to be provided for the foster child and the cost of such care”. We find no command in the statute that reimbursement shall be at actual cost, no matter how high such cost might be in the case of an individual provider of foster care (cf. Matter of Sigety v Ingraham, 29 NY2d 110). Rather, as the agency appears to agree, the question before us is whether the criteria established to qualify for certain categories of reimbursement and the rates set for such categories are arbitrary and capricious. There is nothing in the record before us in this case to warrant any such conclusion.
We decline to accept the agency’s argument that the commissioner’s criteria for emergency foster care programs and classification of group foster care homes are arbitrary and without rational basis. We agree with the Appellate Division that the record discloses a rational basis for the commissioner’s establishment of nonindividualized criteria of general application. Similarly, there is no statutory requirement that the reimbursement rates be individually determined (see Matter of Sigety v Ingraham, 29 NY2d 110, 113, supra).
Finally, we likewise reject the agency’s assertion that it was a denial of equal protection under the Federal and State Constitutions to establish differing reimbursement rates for public and private agencies providing care for foster children. The standard for our determination is *912 whether a rational basis exists for the action of the State department. We conclude that this standard is met in this instance, if only for the reason that the commissioner could have concluded that expenditures by public agencies are subject to a significantly greater public accountability and examination (calculated to assure restraint) than are the comparable fiscal operations of private agencies.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.