■ In the Matter of GEORGE DOERRBECKER et al., Respondents, v MARGUERITE T. SAUNDERS, as Commissioner of New York State Office of Alcoholism and Substance Abuse Services, et al., Appellants. [645 NYS2d 329] —In a proceeding pursuant to CPLR article 78 to review determinations of the New York State Office of Alcoholism and Substance Abuse Services, dated August 25, 1993, May 9, 1994, and May 10, 1994, respectively, which denied the petitioners' applications to become credentialed substance abuse counselors under a "grandparenting" provision pursuant to 14 NYCRR 1015.11, the appeal is from a judgment of the Supreme Court, Kings County (Feinberg, J.), dated April 6, 1995, which vacated the determinations of the New York State Office of Alcoholism and Substance Abuse Services.

Ordered that the judgment is affirmed, with costs.

In 1992, the New York State Office of Alcoholism and Substance Abuse Services (hereinafter OASAS) commenced a credentialing program for substance abuse counselors, which required that those individuals seeking to become counselors take written and oral examinations to obtain appropriate

credentials to practice in their field. OASAS also instituted a grandparenting program which would enable those counselors who were already practicing in the field and had the appropriate background to become credentialed without taking the required examinations.

Under the grandparenting provisions of the New York State regulations for substance abuse services, applicants were required, *inter alia,* to have a minimum of a high school education and five years of full time appropriate work experience in an "approved work setting" (14 NYCRR 1015.11 [d] [1], [2] [i]). An "approved work setting" was defined, for purposes of these petitioners, as a work site located in New York State which was a "school or community-based prevention/intervention program [that receives] funding from the Federal government which is designated for the provision of substance abuse services" (14 NYCRR 1015.11 [d] [2] [ii] [c]).

The petitioners are five probation officers employed by the Federal Probation Service for the Eastern District of New York. They each have at least one graduate degree in the social sciences and have been working as substance abuse specialists for more than five years, counseling offenders who are on parole or probation, and who are living in the communities of the Eastern District of New York. In January of 1993, OASAS invited the petitioners to apply for credentials under the grandparenting provisions. However, upon review of the petitioners' applications, OASAS denied the petitioners applications and required them to take the examinations. The stated basis for OASAS's denial was that the petitioners did not work in an "approved work setting" which was a "community-based prevention/intervention program".

Each petitioner requested administrative review, and provided OASAS with significant additional information as to their counseling responsibilities which included the supervision of outside community treatment agencies with whom the Federal Probation Service contracted for services on behalf of the individuals on parole and probation. There was evidence that among the requirements demanded by the Federal Probation Service of the contracting community agencies was that the agencies provide family counseling where appropriate, and vocational training to those on probation and parole. Moreover, the petitioners provided evidence that they were involved in community programs in which they lectured to youths and adults regarding substance abuse problems and prevention.

Despite such evidence, and without offering additional reasons for the denial of the applications, OASAS maintained

its refusal to grant credentials to the petitioners under the grandparenting provisions. Upon review, the Supreme Court vacated OASAS's determinations, noting that OASAS had failed to define what constituted an "approved work setting" or a "community-based prevention/intervention program", and held that the petitioners' were qualified to receive their credentials under the grandparenting provisions of 14 NYCRR 1015.11.

Pursuant to CPLR 7803 (3) the standard of review of an agency determination, where the agency is not required to conduct a trial-type hearing, is whether the determination was arbitrary and capricious *(see,* CPLR 7803 [3]; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7803:2, at 355). "Arbitrary action is without sound basis in reason and is generally taken without regard to the facts" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Thus, the question is whether there is a rational basis for the determination *(Matter of Pell v Board of Educ., supra,* at 231). Moreover, judicial review of an administrative determination is limited to the grounds invoked by the agency *(see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 758).

Since the determination of OASAS was based upon the fact that the Federal Probation Service was not an "approved work setting", and OASAS failed to define the terms "approved work setting" or "community-based prevention/intervention program", we agree with the Supreme Court that the determination was without a sound basis in reason *(see, Matter of Pell v Board of Educ., supra,* at 231). Moreover, since the evidence in the record indicates that the petitioners participated in programs which were designed to educate the community, that they worked closely with community-based treatment agencies, and that they counseled the individuals under their supervision in an effort to integrate them into the community as productive, nonaddicted members of society, OASAS's determination was not based upon the facts in the record *(see, Matter of Pell v Board of Educ., supra).* Sullivan, J. P., Santucci, Joy and Hart, JJ., concur.