# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**March 16, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

| | | |
|---|---|---|
| BRIAN M. McKINNEY, | ) | |
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | Appeal No. |
| Plaintiff Intervener/Appellant, | ) | M1999-00565-COA-R9-CV |
| | ) | |
| VS. | ) | Williamson Circuit |
| | ) | No. II-98552 |
| LEVI S. JARVIS, | ) | |
| | ) | |
| Defendant/Appellee, | ) | |
| | ) | |
| WILLIAMSON COUNTY | ) | |
| HIGHWAY DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## APPEALED FROM THE CIRCUIT COURT OF WILLIAMSON COUNTY
## AT FRANKLIN, TENNESSEE

### THE HONORABLE RUSS HELDMAN, JUDGE

FOR APPELLANT McKINNEY:

MATHEW R. ZENNER
Nashville, Tennessee

FOR APPELLANT
STATE OF TENNESSEE:

PAUL G. SUMMERS
Attorney General & Reporter

KIMBERLY J. DEAN
Deputy Attorney General
Nashville, Tennessee

FOR APPELLEE JARVIS:

CYRUS L. BOOKER
CHARLNETTE A. RICHARD
Nashville, Tennessee

## REVERSED AND REMANDED

BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

## **O P I N I O N**

The question we must decide is whether a state statute violates the due process and separation of powers provisions of the state constitution when in some civil actions it prohibits evidence of the failure to wear a car safety belt. The Circuit Court of Williamson County held the statute unconstitutional. For the reasons that follow we reverse the circuit court's order.

## I.

Brian McKinney sued Levi Jarvis for personal injuries suffered while McKinney was a passenger in a pick-up truck owned and operated by Jarvis. Jarvis answered the complaint and included as an affirmative defense McKinney's failure to wear his seat belt. McKinney moved to strike that defense on the basis of Tenn. Code Ann. § 55-9-604:

> (a) The failure to wear a safety belt shall not be admissible into evidence in a civil action; provided, that evidence of a failure to wear a safety belt, as required by this chapter, may be admitted in a civil action as to the causal relationship between non-compliance and the injuries alleged, if the following conditions have been satisfied:
>
> (1) The plaintiff has filed a products liability claim;
>
> (2) The defendant alleging non-compliance with this chapter shall raise this defense in its answer or timely amendment thereto in accordance with the rules of civil procedure; and
>
> (3) Each defendant seeking to offer evidence alleging non-compliance with this chapter has the burden of proving non-compliance with this chapter, that compliance with this chapter would have reduced injuries and the extent of the reduction of such injuries.
>
> (b) Upon request of any party, the trial judge shall hold a hearing out of the presence of the jury as to the admissibility of such evidence in accordance

with the provisions of this section and the Tennessee
Rules of Evidence.

Jarvis joined issue on the motion by asserting that the statute violated the due process and equal protection provisions of the state and federal constitutions. The court, on its own motion, invited arguments on whether the statute violates the separation of powers provisions of the Tennessee Constitution. Considering all the arguments, the court refused to strike the defendant's affirmative defense and held that Tenn. Code Ann. § 55-9-604 violates Article I, Section 8 (due process) and Article II, Section 2 (separation of powers) of the Tennessee Constitution. We granted an interlocutory appeal to address these two issues.

## II.

### DUE PROCESS

Article I, Section 8 of the Tennessee Constitution contains the states's prohibition against taking life, liberty, or property without due process:

> That no man shall be taken or imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner destroyed or deprived of his life, liberty or property, but by the judgment of his peers, or the law of the land.

The "law of the land" phrase is synonymous with the "due process of law" provision in the Fourteenth Amendment to the United States Constitution. *Riggs v. Burson*, 941 S.W.2d 44 (Tenn. 1997). Perhaps it would be more accurate to point out that both constitutions adopt an ancient concept of

liberty as expressed in Chapter 39 of the Magna Carta: "No freeman shall be taken, or imprisoned, or disseised, or outlawed, or exiled, or otherwise destroyed; nor shall we go upon him, nor send upon him, but by the lawful judgment of his peers or by the law of the land." *See Davidson v. City of New Orleans*, 96 U.S. 97 (1877).

This concept of liberty has dual aspects, one procedural and the other substantive. We do not believe that the appellee contends that the statute in question violates procedural due process, probably because he understands that in the passage of legislation, the legislative process itself provides sufficient procedural safeguards. *Rea v. Matteucci*, 121 F.3d 483 (9th Cir. 1997); *United States v. Lulac*, 793 F.2d 636 (5th Cir. 1986).

Substantive due process, on the other hand, prevents the state from infringing on the rights to life, liberty, or property when the state action does not promote any legitimate state interest. *Vernon v. State*, 18 So.2d 388 (Ala. 1944); *Palko v. State of Connecticut*, 302 U.S. 319 (1937). *See also Newton v. Cox*, 878 S.W.2d 105 (Tenn. 1994). The test under substantive due process is whether there is a reasonable connection between the statute and the promotion of the safety and welfare of the community. *People v. Santiago*, 379 N.Y.S.2d 843 (1975). If the statute does not impinge on fundamental rights, the court's only interest is whether "the legislature was acting in pursuit of permissible state objectives and, if so, whether the means adopted were reasonably related to accomplishment of those objectives." 16B Am. Jur. 2d *Constitutional Law* § 912; *Newton v. Cox*, 878 S.W.2d 105 (Tenn. 1994); *Maryhaven Center of Hope v. Wing*, 674 N.Y.S.2d 395 (1998). In this respect the test is the same as that

applied to a challenge on equal protection grounds. *Eastern Enterprises v. Chater*, 110 F.3d 150 (1st Cir. 1997).

The appellee does not insist that a fundamental right is curtailed by Tenn. Code Ann. § 55-9-604. Therefore, our only inquiry is whether there is some rational connection between the statute and a legitimate state interest.

The mandatory use of automobile seat belts is a question of state interest. Even if the states were indifferent to it, the interest has been thrust upon them by the United States Congress. Congress declared that it was in the public interest for the states to adopt mandatory seat belt use laws. (49 U.S.C.A. § 30127(d)). In 1994 Congress enacted a system of rewards and punishments for compliance/non-compliance. 23 U.S.C.A. § 153(a)(2) and (h). Tennessee enacted its own mandatory seat belt law in 1986.[1] *See* 1986 Tenn. Pub. Acts 866 (now codified in Tenn. Code Ann. § 55-9-603, 604, amended by 1994 Tenn. Pub. Acts 661).

Prior to the legislative mandate, however, a majority of the states rejected the seat belt defense, meaning that they did not recognize a common-law duty to buckle up. *Amend v. Bell*, 570 P.2d 138 (Wash. 1977). Among the reasons the *Amend* court cited why the state might wish to exclude evidence of the failure to use a seat belt were (1) the defendant should not be able to diminish the consequences of his negligence by the plaintiff's failure to anticipate the defendant's part in causing the accident itself; and (2) allowing the seat belt

---

[1]Tennessee has had a seat belt law since 1963, and the same prohibition against using the failure to wear a seat belt as a defense has been in place since then. 1963 Pub. Acts 102. The mandatory requirement came later.

defense would lead to a veritable battle of experts as to what injuries would have or have not been avoided had the plaintiff been wearing a seat belt. In *Fischer v. Moore*, 517 P.2d 458 (Colo. 1973), the court said that a tortfeasor must accept the plaintiff as he finds him, and that he may not rely upon the injured party's failure to utilize a voluntary protective device to escape all or a portion of the damages which the plaintiff incurred as a consequence of the defendant's negligence.

We think these are legitimate interests for the state to deal with. Everyone may not agree with the choice made by the legislature, but the choice does have a rational connection to the legitimate state interests.

## III.

### SEPARATION OF POWERS

Article II, Section 1 of the Tennessee Constitution divides the powers of the government into three departments: the legislative, the executive, and the judicial. Article II, Section 2 prohibits anyone belonging to one department from exercising any of the powers properly belonging to either of the others, except as the constitution itself directs or permits. The trial judge held that under these constitutional provisions it is the sole domain of the judiciary to decide what evidence may be excluded from the trier of fact in a comparative fault case. Therefore, the legislature crossed the line into the judicial domain when it passed Tenn. Code Ann. § 55-9-604. We disagree.

In our discussion in Part II of this opinion we may have already answered this question. By finding that the statute addressed a legitimate question of public policy, we have implicitly found that it is a question that falls into the legislative realm. The legislative power is the authority to make, order, and repeal law; the judicial power is to interpret and apply the law. *State v. King*, 973 S.W.2d 586 (Tenn. 1998); *State v. Brackett*, 869 S.W.2d 936 (Tenn. Cr. App. 1993). It is primarily for the legislature to determine the public policy of this state. *Cary v. Cary*, 937 S.W.2d 777, 781 (Tenn. 1996). "When the legislature . . . has spoken upon a particular subject, its utterance is the public policy of the State upon that subject, and the courts are without power to read into the Constitution a restraint of the legislature with respect thereto." *Cavender v. Hewitt*, 239 S.W. 767 at 768 (1922).

In many instances the legislature has determined that the people of the state would be better served by restricting the evidence that may be used in court. *See* Tenn. Code Ann. § 24-1-203 (the Dead Man's Statute); Tenn. Code Ann. § 47-2-202 (the Sales Articles's Parol Evidence Rule); Tenn. Code Ann. § 47-3-117 (the restriction on proof of other agreements affecting negotiable instruments). The various testimonial privileges and statutes of frauds found throughout the code could be placed in the same class. We think these statutes are the products of legitimate legislative activity.

The judgment of the court below holding that Tenn. Code Ann. § 55-9-604 violates the due process and separation of powers provisions of our constitution is reversed. We remand the cause to the Circuit Court of Williamson

County for further proceedings.  Tax the costs on appeal to the appellee, Levi S.

Jarvis.


                                 _____
                                 BEN H. CANTRELL,
                                 PRESIDING JUDGE, M.S.


CONCUR:




_____
WILLIAM B. CAIN, JUDGE




_____
PATRICIA J. COTTRELL, JUDGE