■ In the Matter of S. ELOF NILSSON et al., Appellants, v DEPARTMENT OF ENVIRONMENTAL PROTECTION OF CITY OF NEW YORK, Respondent. [814 NYS2d 677]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Environmental Protection of the City of New York, dated June 2, 2004, which denied the petitioners' application for a variance from Rules of City of New York Department of Environmental Protection (15 RCNY) § 18-38 (a) (2), regulating the construction of subsurface sewage treatment systems, the petitioners appeal from a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated January 3, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, and the respondent is directed to grant the variance requested with respect to the construction of an alternate subsurface septic treatment system proposed for the subject parcel.

The petitioners are owners of a 3.73-acre, partially-sloped parcel of land located in a reservoir drainage basin within the New York City watershed. The petitioners applied for a permit to build a residence on the parcel with a subsurface septic treatment system (hereinafter SSTS) in which they planned to use 42 inches of fill. The application was rejected. The parcel is not capable of development under existing New York City Watershed Regulations (*see* Rules of City of NY Dept of Envtl Protection [15 RCNY] § 18-38 [a] [2]), which provide that an SSTS may not utilize more than 42 inches of fill. The petitioners' application was rejected based solely on the failure to satisfy the requirements of the regulations with respect to the amount of fill to be utilized.

The petitioners applied for a variance proposing an alternative SSTS. Although the respondent expressly found that the petitioners had "proposed adequate mitigation," the variance nonetheless was denied due to alleged adverse storm water impacts, impervious surface impacts, and the failure to provide information about the petitioners' other real estate holdings in the area.

In seeking relief pursuant to CPLR article 78 in the Supreme Court, the petitioners submitted proof which asserted, without contradiction, that the subject parcel is located more than 300 feet from a watercourse or wetland and more than 500 feet from a reservoir, reservoir stem, or controlled lake, and is therefore exempt from regulations that govern storm water runoff. The petition also asserted, without contradiction, that the petitioners did not own any real property adjoining the subject property. That assertion was made in response to that portion of the denial of the variance which stated that since the parcel in question was part of a subdivision developed by the petitioners, their failure to provide information about their other real estate holdings constituted failure to establish a hardship. The answer to the petition did not dispute these facts. Instead, the answer asserted that the respondent had the authority to regulate storm water runoff, that its determination was not arbitrary and capricious, and that the petitioners failed to show the requisite hardship needed for the variance.

Administrative agencies are accorded broad discretion in considering applications for variances and judicial review of their determinations is limited to whether the action taken was illegal, arbitrary and capricious, or an abuse of discretion (*see* CPLR 7803 [3]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County,* 34 NY2d 222, 230-231 [1974]; *Matter of*

*Doerrbecker v Saunders,* 229 AD2d 490, 492 [1996]). Thus, a determination of an administrative agency with respect to applications for variances should be sustained upon judicial review if it has a rational basis (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Pell v Board of Educ., supra* at 231; *Matter of Lyons v Whitehead,* 2 AD3d 638, 640 [2003]). Although an administrative agency's interpretation of a regulation is entitled to deference, its interpretation is " 'not entitled to unquestioning judicial deference, since the ultimate responsibility of interpreting the law is with the court' " (*Matter of Baker v Town of Islip Zoning Bd. of Appeals,* 20 AD3d 522, 523-524 [2005], *lv denied* 6 NY3d 701 [2005], quoting *Matter of Tartan Oil Corp. v Bohrer,* 249 AD2d 481, 482 [1998]). Having determined that the petitioners' proposal for an alternative SSTS was adequate, under the guise of interpreting its governing regulation, the respondent acted outside the scope of its authority conferred by the applicable regulations when it considered storm runoff issues and impervious surface impacts, for which no variance was required (*see Matter of Shah v DeBuono,* 95 NY2d 148 [2000]; *Matter of Trump-Equitable Fifth Ave. Co. v Gliedman,* 57 NY2d 588 [1982]). Furthermore, the petitioners' noncontiguous real estate holdings are irrelevant to the issue of whether the subject property is entitled to relief from the strict adherence to the regulations regarding construction of an SSTS (*see Matter of Dexter v Town Bd. of Town of Gates,* 36 NY2d 102 [1975]). Miller, J.P., Spolzino, Lifson and Dillon, JJ., concur.