In the Matter of RONALD D. HARIRI, Respondent, v MARTIN KELLER et al., Appellants, et al., Respondents. [826 NYS2d 310]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Riverhead dated December 11, 2003, the appeal is from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated December 9, 2004, which granted the petition to the extent of annulling the determination and remitting the matter to the Zoning Board of Appeals of the Town of Riverhead for a rehearing.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

Joseph Pugliese and Margaret Pugliese were the owners of an undersized parcel encompassing 10,677 square feet located in a residence C-Zone in the Town of Riverhead where 20,000 square feet is the minimum building lot size. Robert Smith and Laura Smith, as contract vendees of the subject property, joined with the Puglieses in an application for an area variance as well as applications to reduce the front- and rear-yard setbacks (the contract of sale was conditioned on obtaining such variances). In opposition to the application, Ronald D. Hariri, a neighboring property owner, and other property owners testified concerning potential storm run-off problems. The Zoning Board of Appeals of the Town of Riverhead (hereinafter the ZBA) in May 2001 granted front- and rear-yard setbacks of 32.5 and 28.5

feet, respectively, from the required 40-foot setbacks. However, as conditions to the granting of the variances, the ZBA directed that "the porch shall remain open" and that a drainage system be installed so that "all rainwater will remain on the subject premises."

Hariri commenced a proceeding pursuant to CPLR article 78 against the ZBA on May 29, 2001 challenging the determination. The ZBA moved to dismiss, as Hariri failed to name and serve the Puglieses and the Smiths as necessary parties. The Supreme Court granted the motion and dismissed the petition. Hariri did not appeal.

On August 28, 2003 the Building Inspector of the Building Department of the Town of Riverhead issued a certificate of occupancy, certifying that the subject home "conforms substantially to the approved plans and specifications" filed with the building permit, and indicating that it was being issued for a "single family residence with one car attached garage, covered front porch & covered cellar entrance."

By application to the ZBA dated October 7, 2003 Hariri appealed the granting of the certificate of occupancy, alleging, inter alia, that material misrepresentations fraudulently induced the ZBA to issue the variance in 2001. The ZBA conducted a public hearing on Hariri's appeal on October 23, 2003. Hariri, an attorney, presented his case, and another neighbor also spoke in support of Hariri's application. The proponents of revocation of the certificate of occupancy alleged that the house as constructed was not the modest home allegedly represented to the ZBA in the application for variances. In particular they presented proof that the crawl space was replaced by a full basement and that the house had a higher elevation. No proof was offered demonstrating a violation of the setback variances granted. Nor was any proof offered that the drainage conditions were not satisfied and no testimony was offered with respect to the porch.

Leroy Barnes, Jr., the Town of Riverhead Building Department Administrator, did not appear at the hearing but did submit an affidavit dated October 21, 2003. According to Barnes, an "affidavit of final floor area" was not properly completed and notarized because the house was not constructed in accordance with the plans filed with the building permit application. Barnes explained that the "affidavit of final floor area" is an internal form required by his office. Barnes acknowledged that the certificate of occupancy was issued without the "affidavit of final floor area," and stated that this was an oversight by his office. Barnes stated that a properly completed, executed, and

notarized "affidavit of final floor area" was in the building department file. Barnes also stated that the May 10, 2001 ZBA determination granting conditional area variance relief for the subject property was conditioned upon the porch remaining unenclosed and the installation of proper drainage. Barnes and the Town Engineer inspected the drainage and concluded that it was sufficient. Barnes stated that the premises otherwise complied with the May 10, 2001 determination of the ZBA, as well as all applicable zoning and building codes.

During the course of the ZBA's October 23, 2003 meeting, Hariri reviewed Barnes's affidavit and noted that the properly completed, executed, and notarized "affidavit of final floor area" in the Building Department file referenced in Barnes's affidavit was not annexed to Barnes's affidavit. Hariri also stated that Barnes "was aware of the irregularities in this particular application process and he has elected not to be present here to answer these issues."

The ZBA denied Hariri's application to revoke the certificate of occupancy. Hariri commenced the present proceeding pursuant to CPLR article 78 to review the denial of his application to revoke the certificate of occupancy.

In support of the instant petition, Hariri submitted, inter alia, the determination of the ZBA as summarized above, the various documents described above, portions of the ZBA public hearing on March 28, 2001 relating to the initial application for a variance [wherein it was explained that the proposed house was to be "a partial two story house" with "the actual two story portion of the house . . . right in the middle of it," with a crawl space, not a full basement; and that the trees on the property would remain], and photographs of the property. The petition alleged that the denial of the application was motivated by political bias against the petitioner as he was associated with the opponents of the then-governing party of the Town. However, the petition did not allege that the porch was not constructed in conformance with the variance. The failure of the Town to produce the building inspector at the hearing before the ZBA was similarly not asserted as a basis for relief.

By order dated December 9, 2004 the Supreme Court granted the petition to the extent that it annulled the ZBA's December 11, 2003 determination and remitted the matter to the ZBA for a rehearing. In pertinent part, the Supreme Court was troubled by the ZBA's reliance on the affidavit of Barnes without having Barnes present for cross-examination. The Supreme Court also examined photographs which appear to show that the porch may have been enclosed, contrary to condition imposed by the ZBA. The ZBA appeals.

As the proponent of the revocation of the certificate of occupancy, Hariri had the burden at the hearing held before the ZBA to demonstrate that the certificate of occupancy was improperly issued (*see Matter of Frederick v Civil Serv. Commn. of County of Schenectady,* 175 AD2d 428 [1991]). Hariri failed to offer any evidence that the construction of the home on the lot in question violated the rear- and front-yard setbacks granted previously by the ZBA. Similarly, Hariri failed to offer any proof to the ZBA that the conditions it imposed in granting the variance were not substantially met. No proof was offered by Hariri with respect to any failure to effect the required drainage improvements. On the contrary, the ZBA had evidence before it that the drainage conditions were met and the record before it was silent as to whether the porch was unenclosed. However, there was proof that all the construction was effected in substantial compliance with the variance granted.

Under these circumstances the Supreme Court erred in determining that the porch was not constructed according to the terms of the variance based on evidence and arguments that were never presented to the ZBA (*see Matter of Icahn v Board of Zoning Appeals of Vil. of E. Hampton,* 268 AD2d 475 [2000]). Similarly, although Hariri implied that Barnes was afraid to attend the hearing, no request was made to have Barnes appear at the hearing or to adjourn the proceedings to a time when his appearance could be assured. Absent such proof there are no facts presented upon which Hariri's application could have been granted. On the other hand, there was evidence before the ZBA that the building in question was constructed in full compliance with the variances granted and that there was substantial compliance with the conditions imposed in the granting of the variances. Moreover, there was no proof to the contrary. Therefore, the ZBA's determination should not be disturbed (*see Matter of Philipps v Town of Washington Zoning Bd. of Appeals,* 278 AD2d 496 [2000]). We note in this regard that the concerns now posed by Hariri were considered by the ZBA prior to granting the variances in question and the ZBA elected not to condition the variances on any of these matters, and the review of that determination is not properly before the Court. Krausman, J.P., Rivera, Spolzino and Lifson, JJ., concur.