■ In the Matter of ANTHONY RUSCIANO, Appellant, v SETH ROSS, Chair, Zoning Board of Appeals of the Village of Scarsdale, et al., Respondents. [910 NYS2d 147]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Scarsdale Zoning Board of Appeals dated February 11, 2009, which, after a hearing, upheld the determination of the Building Inspector of the Village of Scarsdale that certain real property owned by the petitioner was one building lot rather than two, the petitioner appeals from a judgment of the Supreme Court, Westchester County (Cacace, J.), dated August 10, 2009, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

In 1971, certain real property was conveyed to the petitioner by deed. The property was described by the deed as one set of metes and bounds and also described as lots 6 and 6A. A single-family dwelling is situated on "Lot 6," and an accessory structure, which the petitioner testified he used for storing bicycles and a lawn mower, is situated on "Lot 6A." The petitioner pays separate real estate taxes for each of the lots.

The petitioner argued that, although prior to 1928, lots 6 and 6A were a single, undivided lot owned by one individual, in 1928 the owner "subdivided" the one lot into two by conveying the area known as lot 6A to another person by means of a deed. No subdivision map was ever filed reflecting the purported division of the property. By about 1948, both lots 6 and 6A were, once again, owned by a common owner who, in 1971, conveyed both lots 6 and 6A to the petitioner. According to the petitioner, lots 6 and 6A have been taxed separately by the assessor's office since at least 1971.

In July 2008, the petitioner requested that the Building Inspector of the Village of Scarsdale (hereinafter the Building Inspector) "declare[ ] and approve[ ]" the real property known as section 3, block 2, lot 6A "as a non-conforming pre-existing building lot, under sec. 310.67 of the village code." By letter dated September 23, 2008, the Building Inspector determined that "lot 6A is not considered to be an existing legal non-conforming building lot and is deemed to be merged with lot 6." The petitioner appealed the Building Inspector's determination to the Village of Scarsdale Zoning Board of Appeals (hereinafter the ZBA), which, after a hearing, affirmed the determination.

The petitioner thereafter commenced this CPLR article 78 proceeding to, inter alia, review the determination of the ZBA, asserting that it was arbitrary and capricious. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals. We affirm.

A zoning board's determination is entitled to deference and "judicial review is limited to determining whether the action taken by the board was illegal, arbitrary, or an abuse of discretion. Thus, a determination of a zoning board made after a public hearing should be sustained if it has a rational basis and is supported by evidence in the record" (*Matter of Millennium Custom Homes, Inc. v Young*, 58 AD3d 740, 741 [2009] [citations omitted]; *see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Berk v McMahon*, 29 AD3d 902, 903 [2006]). Here, at the time the 1928 deed purported to subdivide the then-existing parcel into what the petitioner refers to as lots 6 and 6A, the alleged subdivision would have created two lots which failed to conform with the existing zoning ordinances. Therefore, the ZBA's determination upholding the Building Inspector's determination that lot 6A is not an existing legal non-conforming building lot was rational and not arbitrary and capricious.

The petitioner's remaining contentions are without merit. Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.