■ In the Matter of PERRY HABERMAN, Petitioner, v ZONING BOARD OF APPEALS OF TOWN OF EAST HAMPTON et al., Respondents. [926 NYS2d 165]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Zoning Board of Appeals of the Town of East Hampton dated August 25, 2009, which denied the petitioner's application to revoke a certificate of occupancy issued to the respondents Ian Sacks and Wendy Sacks.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner owns the real property located at 27 Tyler Road in Montauk, Suffolk County. The respondents Ian Sacks and Wendy Sacks (hereinafter together the Sacks respondents) own the real property located at 14 Tyler Road. The properties are approximately 50 feet away from each other. On September 16, 2008, the Building Inspector of the Town of East Hampton issued a certificate of occupancy to the Sacks respondents for a one-family residence on their property. The petitioner filed an application with the Zoning Board of Appeals of the Town of East Hampton (hereinafter the ZBA), dated November 14, 2008, appealing from the issuance of the certificate of occupancy, asserting that the subject structure violated several provisions of the Town's zoning code relating to height restrictions, including its so-called Pyramid Law. In support of his application, the petitioner submitted an elevation report from engineer Charles H. Weidner. The alleged violations claimed by Weidner ranged from .66 feet to four feet. In a determination dated August 25, 2009, the ZBA denied the petitioner's application, finding, among other things, that the certificate of occupancy had been properly issued. The petitioner then commenced this proceeding pursuant to CPLR article 78 to review the ZBA's determination. In an order dated June 3, 2010, the Supreme Court, Suffolk County, transferred the proceeding to this Court, finding, inter alia, that the petition raised a question of substantial evidence.

Preliminarily, we note that the Supreme Court should not have transferred this proceeding to this Court pursuant to CPLR 7804 (g), as the petition did not raise a question of substantial evidence (see Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2 [1995]; Matter of Halperin v City of New Rochelle, 24 AD3d 768, 769-770 [2005]). We nevertheless retain jurisdiction for the purpose of deciding the case on the merits (see Thurman v Holahan, 123 AD2d 687 [1986]).

We further note that, under the circumstances presented here, the petitioner does not lack standing to maintain this proceeding (*see generally Zupa v Paradise Point Assn., Inc.*, 22 AD3d 843 [2005]).

Turning to the merits, "[a]s the proponent of the revocation of the certificate of occupancy, [the petitioner] had the burden at the hearing held before the ZBA to demonstrate that the certificate of occupancy was improperly issued" (*Matter of Hariri v Keller*, 34 AD3d 583, 586 [2006]). A determination of a zoning board made after a public hearing should be sustained if it has a rational basis and is supported by evidence in the record (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Rusciano v Ross*, 78 AD3d 715, 716 [2010]; *Matter of Millennium Custom Homes, Inc. v Young*, 58 AD3d 740, 741 [2009]). "Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (*Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d at 613; *see Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]).

Here, the petitioner failed to meet his burden of demonstrating that the certificate of occupancy was improperly issued. We note in particular that the petitioner's expert conceded that one alleged nonconformity does not, in fact, exceed the structure's permissible height under the Town's Pyramid Law (*see* Code of Town of East Hampton § 255-11-72 [D]), when the relevant distance for comparison is measured from the nearest property line, as that law expressly dictates (*id.*). The petitioner's expert also acknowledged that certain measurements taken in connection with at least one other alleged nonconformity may have been "less than accurate." We conclude that, based on the evidence before it, the ZBA's determination had a rational basis and was not illegal, arbitrary and capricious, or an abuse of discretion, and was not the result of the ZBA succumbing to generalized community pressure. Angiolillo, J.P., Balkin, Dickerson and Cohen, JJ., concur.