■ In the Matter of OGDEN LAND DEVELOPMENT, LLC, Respondent, v ZONING BOARD OF APPEALS OF VILLAGE OF SCARSDALE et al., Appellants. [994 NYS2d 148]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Scarsdale dated September 12, 2012, which, after a hearing, affirmed a determination of the Building Inspector of the Village of Scarsdale that a proposed subdivision of a building lot owned by the petitioner did not conform to the Code of the Village of Scarsdale, the Zoning Board of Appeals of the Village of Scarsdale and the Building Inspector of the Village of Scarsdale appeal from an order of the Supreme Court, Westchester County (Adler, J.), dated April 5, 2013, which granted the petition, annulled the determination, and remitted the matter to the Planning Board of the Village of Scarsdale for further consideration.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof remitting the matter to the Planning Board of the Village of Scarsdale for further consideration; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for the entry of a judgment granting the petition and remitting the matter to the Zoning Board of Appeals of the Village of Scarsdale to issue a determination that the petitioner's proposed subdivision conforms to the Code of the Village of Scarsdale.

The petitioner, Ogden Land Development, LLC (hereinafter Ogden), submitted an application to the Planning Board of the Village of Scarsdale for approval to subdivide a roughly

triangular-shaped building lot with a total area of 21,683 square feet (hereinafter the property) into two lots. The property has frontage on both Ogden Road and Fox Meadow Road, and the easterly side of the property adjacent to where the two roads converge has a flattened curve shape. The property is located in a residential zoning district for which the Code of the Village of Scarsdale (hereinafter the Village Code) requires every building lot to have a minimum area of 10,000 square feet. In a letter dated May 15, 2012, the Building Inspector of the Village of Scarsdale (hereinafter the Building Inspector) set forth his determination that the proposed subdivision of the property would create two lots which did not conform to the Village Code because each lot would have only one "side" lot line and therefore fail to conform to the definition of "Depth of Lot" as set forth in Village Code § 310-2. The Building Inspector also determined that the same lack of a second "side" lot line would fail to conform to the additional requirement in Village Code § 310-2 that "lot depth [be] 'measured in the general direction of its side lot lines.' " Thus, according to the Building Inspector, the two proposed lots would lack "[two] side lots that can be used as a guide to check the compliance of the general direction of the proposed Depth of Lot."

Ogden appealed the Building Inspector's determination to the Zoning Board of Appeals of the Village of Scarsdale (hereinafter the ZBA), which conducted a series of hearings. In a written determination dated September 12, 2012, the ZBA reviewed the evidence submitted by Ogden, noted the applicable provisions of the Village Code, including, inter alia, the definitions of "Depth of Lot" and "Width of Lot," and affirmed the Building Inspector's determination. The ZBA concluded that Ogden failed to provide a basis for the ZBA to overturn the Building Inspector's determination that the application would create two nonconforming lots, and that "[t]he proposed subdivision does not meet the underlying intent of the zoning code to create lots in accordance with the character of the neighborhood."

Judicial review of a determination of a zoning board of appeals "is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411, 412 [2005]; *see Matter of La Russo v Neuringer*, 105 AD3d 743 [2013]; *Matter of Rusciano v Ross*, 78 AD3d 715, 716 [2010]). Where, as here, a zoning board's determination is made after a public hearing, its determination should be upheld if it has a rational basis and is supported by evidence in the record (*see Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]; *Matter*

*of Haberman v Zoning Bd. of Appeals of Town of E. Hampton*, 85 AD3d 1170, 1171 [2011]; *Matter of Campbell v Town of Mount Pleasant Zoning Bd. of Appeals*, 84 AD3d 1230, 1231 [2011]; *Matter of Rusciano v Ross*, 78 AD3d 715, 716 [2010]). Although a zoning board's interpretation of a zoning code is entitled to great deference (*see Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent*, 65 AD3d 154, 160 [2009]; *Matter of Jamil v Village of Scarsdale Planning Bd.*, 24 AD3d 552, 554 [2005]), its interpretation "is not entitled to unquestioning judicial deference, since the ultimate responsibility of interpreting the law is with the court" (*Matter of Baker v Town of Islip Zoning Bd. of Appeals*, 20 AD3d 522, 523-524 [2005] [internal quotation marks omitted]; *see Matter of Nilsson v Department of Envtl. Protection of City of N.Y.*, 28 AD3d 773, 775 [2006], *mod* 8 NY3d 398 [2007]).

Contrary to the appellants' contentions, the Supreme Court properly concluded that the ZBA's determination was "irrational and unreasonable" because the ZBA, in essence, upheld the Building Inspector's determination that the two proposed lots each lacked a second "side" lot line. The Village Code defines "Depth of Lot" as "[t]he mean horizontal distance from its front lot line to its rear lot line, measured in the general direction of its side lines" (Code of Village of Scarsdale § 310-2), while "Width of Lot" is defined as "[t]he mean width of a lot measured at right angles to its depth" (*id.*). Ogden calculated both of these measurements by using the easterly side lot line in the shape of a flattened curve on the side of the property located at the convergence of Ogden Road and Fox Meadow Road, and the opposing westerly side lot line, based on the Village Code's definition of a "Side Lot Line" as "[a]ny lot boundary line which is not a front lot line or a rear lot line" (*id.*). Thus, the Supreme Court correctly noted that the "re-subdivision" map that Ogden submitted in support of its application "depicts a bisected pie-shaped lot, with front, rear, and easterly and westerly side lot lines."

Accordingly, the Supreme Court properly granted the petition and annulled the ZBA's determination. However, upon granting the petition and annulling the ZBA's determination, the court should have remitted the matter to the ZBA to issue a determination that the petitioner's proposed subdivision conforms to the Village Code. Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.