■ In the Matter of GREEN MATERIALS OF WESTCHESTER et al., Respondents, v TOWN OF CORTLANDT et al., Appellants. [18 NYS3d 114]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Cortlandt dated April 23, 2012, which, after a hearing, inter alia, denied the application of the petitioners/plaintiffs for a determination that they were "specialty trade contractors" within the meaning of the relevant zoning ordinance, and action for a judgment declaring, inter alia, that the petitioners/plaintiffs may proceed with their application for site plan approval before the Planning Board of the Town of Cortlandt as "specialty trade contractors," as that term is defined by the relevant zoning ordinance, the appeal, as limited by the brief of the respondents/defendants, is from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Adler, J.), entered May 7, 2013, as granted that branch of the petition which was to annul the determination of the Zoning Board of Appeals of the Town of Cortlandt dated April 23, 2012.

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The petitioners/plaintiffs (hereinafter the petitioners) lease a 3.7 acre parcel of property in Cortlandt. In 2008, they applied to the Zoning Board of Appeals of the Town of Cortlandt (hereinafter the ZBA) for an interpretation that they were "specialty trade contractors" under the relevant zoning ordinance, and therefore permitted to engage in concrete aggregate recycling activities on their property. After obtaining a positive interpretation, the petitioners applied to the Planning Board of the Town of Cortlandt (hereinafter the Planning Board) for site plan approval. On April 7, 2009, the Planning Board held a public hearing on the petitioners' site plan application, at which it considered whether the petitioners' concrete aggregate recycling activities also included the processing of raw materials. One week later, the Town Board of the Town of Cortlandt (hereinafter the Town Board) imposed a one-year moratorium on the processing of applications for site plan approval in connection with certain uses, including yards operated by specialty trade contractors. On July 20, 2010, the Town Board lifted the moratorium and amended the zoning and planning ordinance by adopting Local Law No. 12 (2010) of the Town of Cortlandt (hereinafter L.L. 12), which continued to allow specialty trade contractors to operate in certain zones, but required the contractors to obtain a special use permit (*see* Code of Town of Cortlandt § 307-65.6). As amended, the ordinance defined the term "specialty trade contractor" so as to exclude any "manufac-

turing operation[ ] that . . . require[s] the processing of raw materials" (Code of Town of Cortlandt § 307-4 [Specialty Trade Contractors] [A] [2]).

When the petitioners next appeared before the Planning Board in March 2011, they were directed by the Planning Board to submit a new application for interpretation to the ZBA. At the public hearing on the new application, the ZBA heard presentations from the petitioners' counsel and the Town Attorney regarding whether the petitioners intended to process raw materials at the site, whether they could thus be excluded from the new definition of specialty trade contractor, and whether any proposed use was not permitted by L.L. 12, either as of right or subject to the issuance of a special use permit. The petitioners' counsel reiterated that the petitioners had no intention of engaging in any activity that required the processing of raw materials, and disputed the assertion that they had ever intended to process raw materials at the site. Nevertheless, on April 23, 2012, the ZBA denied the petitioners' application, and concluded that, since they intended to process raw materials at the site, they were not "specialty trade contractors" within the meaning of L.L. 12 and that, consequently, the petitioners were ineligible to apply for the special permit now required of specialty trade contractors.

The petitioners commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief against the Town, the ZBA and its members, the Planning Board and its members, and the Town's building officials (hereinafter collectively the Town defendants), inter alia, to review the ZBA's April 23, 2012, determination. In an order and judgment entered May 7, 2013, the Supreme Court granted that branch of the petition which was to annul the ZBA's April 23, 2012, determination, and severed the declaratory judgment causes of action. The Town appeals from so much of the order and judgment as granted that branch of the petition. We affirm the order and judgment insofar as appealed from.

"In a proceeding pursuant to CPLR article 78 to review a determination of a zoning board of appeals, judicial review is limited to ascertaining whether the action was illegal, arbitrary and capricious, or an abuse of discretion" (*Matter of Arceri v Town of Islip Zoning Bd. of Appeals*, 16 AD3d 411, 412 [2005]; *see Matter of Ogden Land Dev., LLC v Zoning Bd. of Appeals of Vil. of Scarsdale*, 121 AD3d 695, 696 [2014]; *Matter of La Russo v Neuringer*, 105 AD3d 743, 743 [2013]; *Matter of Sanantonio v Lustenberger*, 73 AD3d 934, 935 [2010]). Where, as here, a determination is made by a zoning board of appeals after a public

hearing, the determination of the zoning board should be upheld if it has a rational basis supported by evidence in the record (see CPLR 7803 [4]; *Matter of Ogden Land Dev., LLC v Zoning Bd. of Appeals of Vil. of Scarsdale*, 121 AD3d at 696; *Matter of Haberman v Zoning Bd. of Appeals of Town of E. Hampton*, 85 AD3d 1170, 1171 [2011]; *Matter of Rusciano v Ross*, 78 AD3d 715, 716 [2010]).

The Supreme Court properly concluded that the ZBA's determination was not supported by the evidence in the record and lacked a rational basis and, hence, was arbitrary and capricious. The ZBA properly determined that, under L.L. 12, a specialty trade contractor is required to apply for a special use permit in order to engage in certain activities on sites zoned for Highway Commercial uses, including concrete aggregate recycling activities, which previously did not require the issuance of a special use permit. The ZBA also properly determined that, if such a specialty trade contractor engaged in activities that included the processing of raw materials, it was no longer a specialty trade contractor within the meaning of the zoning and planning ordinance, and that such a special use permit could not be issued. The key determination made by the ZBA, however, was that the petitioners intended to engage in activities that included the processing of raw materials on the site, despite the petitioners' repeated statements and assurances otherwise. The record is replete with instances where the petitioners disputed, as nothing more than baseless rumor and suspicion, the claim that they intended to engage in activities other than concrete aggregate recycling on the site. The record is also devoid of any evidence supporting the ZBA's conclusion that the petitioners would engage in activities other than those which were explicitly approved or permitted as of right under the zoning and planning ordinance in force prior to July 20, 2010, or subject to the issuance of a special use permit under L.L. 12. Accordingly, the Supreme Court properly concluded that the ZBA's determination in that regard was irrational, and properly granted that branch of the petition which was to annul the ZBA's April 23, 2012, determination. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.

Motion by the respondents on an appeal from an order and judgment (one paper) of the Supreme Court, Westchester County, entered May 7, 2013, inter alia, to strike stated portions of the record, the appellants' brief, and the appellants' reply brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated January 21, 2015, those branches of the motion

which were to strike stated portions of the record, the appellants' brief, and the appellants' reply brief were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that those branches of the motion which are to strike stated portions of the record, the appellants' brief, and the appellants' reply brief are denied. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.