Matter of McGinn v Zoning Bd. of Appeals of the Town of E. Hampton (2025 NY Slip Op 04905)

Matter of McGinn v Zoning Bd. of Appeals of the Town of E. Hampton

2025 NY Slip Op 04905

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2023-06612
 (Index No. 611107/22)

[*1]In the Matter of John McGinn, et al., respondents,
v
Zoning Board of Appeals of the Town of East Hampton, appellant.

Jake Turner, Town Attorney (Jaspan Schlesinger Narendran, LLP, Garden City, NY [Daniel K. Cahn], of counsel), for appellant.
Whalen Filer PLLC, Amagansett, NY (Richard E. Whalen and Madeleine Narvilas of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of East Hampton dated May 10, 2022, which, after a hearing, denied the petitioners' application for a natural resources special permit, the Zoning Board of Appeals of the Town of East Hampton appeals from a judgment of the Supreme Court, Suffolk County (James F. Quinn, J.), dated May 15, 2023. The judgment granted the petition, annulled the determination, and remitted the matter to the Zoning Board of Appeals of the Town of East Hampton for the issuance of the requested natural resources special permit.
ORDERED that the judgment is affirmed, without costs or disbursements.
The petitioners owned a parcel of waterfront property located in East Hampton. In August 2020, the petitioners applied for a natural resources special permit (hereinafter NRSP) for the construction of a dock on their property. Following a public hearing, in a determination dated May 10, 2022, the Zoning Board of Appeals of the Town of East Hampton (hereinafter the ZBA) denied the petitioners' application. In June 2022, the petitioners commenced this proceeding pursuant to CPLR article 78 to annul the ZBA's determination. In a judgment dated May 15, 2023, the Supreme Court granted the petition, annulled the determination, and remitted the matter to the ZBA for the issuance of the requested NRSP. The ZBA appeals.
"'Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken . . . was illegal, arbitrary, or an abuse of discretion'" (Matter of Parsome, LLC v Zoning Bd. of Appeals of the Vil. of E. Hampton, 191 AD3d 785, 786, quoting Matter of Schweig v City of New Rochelle, 170 AD3d 863, 865; see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 770-771). A determination is rational if it has some "objective factual basis," and generally, "courts consider 'substantial evidence' only to determine whether the record contains sufficient evidence to support the rationality of the determination being questioned" (Matter of Harn Food, LLC v DeChance, 159 AD3d 819, 820; see Matter of Sasso v Osgood, 86 NY2d 374, 384 n 2; Matter of Halperin v City of New Rochelle, 24 AD3d at 772).
However, "'[u]nlike a variance which gives permission to an owner to use property in a manner inconsistent with a local zoning ordinance, a special exception gives permission to use property in a way that is consistent with the zoning ordinance, although not necessarily allowed as of right'" (Matter of 278, LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 159 AD3d 891, 893, quoting Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 195). "Thus, the burden of proof on the applicant seeking a special use permit 'is lighter than that on an [applicant] seeking a variance, the former only being required to show compliance with any legislatively imposed conditions on an otherwise permitted use, while the latter must show an undue hardship in complying with the ordinance'" (id.; see Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d 754, 756). "Once an applicant shows that the contemplated use is in conformance with the conditions imposed, a special use permit or exception must be granted unless there are reasonable grounds for denying it that are supported by substantial evidence. Where substantial evidence exists, a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d at 756-757 [citation, alteration, and internal quotation marks omitted]; see Matter of Mamaroneck Coastal Envt. Coalition, Inc. v Board of Appeals of the Vil. of Mamaroneck, 152 AD3d 771, 773; Matter of Leon Petroleum v Board of Trustees of Inc. Vil. of Mineola, 309 AD2d 804, 805).
The Supreme Court properly concluded that the ZBA's determination was not supported by the evidence in the record and, therefore, lacked a rational basis (see Matter of Green Materials of Westchester v Town of Cortlandt, 132 AD3d 868, 871). The petitioners met their burden of demonstrating that their proposal complied with legislatively imposed conditions. Notwithstanding the erroneously cited ministerial errors, as they did not serve as a basis for the ZBA's determination, the ZBA maintained that the petitioners' application failed to comply with Code of the Town of East Hampton (hereinafter Town Code) § 255-5-51. The evidence in the record did not support this conclusion.
While the ZBA correctly asserts that Town Code § 255-5-51(H)(2)(b) states that "[e]very part of the dock except the pilings shall be designed and shall be used so that it is removed during the winter months and reinstalled in the spring," the Town Code goes on to specify that "when necessary to maintain a floating dock in a floating condition through a normal tide range, access between the dock and shore may be provided by means of an elevated fixed walkway (commonly called a 'catwalk') . . . ; provided, however, that no such catwalk shall extend more than 40 feet seaward" (id. § 255-5-51[H][2][e]). Here, the proposed dock complied with the Town Code, as it included a 4-by-30.6-foot fixed catwalk, as well as an aluminum ramp and a floating dock that will be removed seasonally during the winter months.
Further, contrary to the ZBA's contention, there was insufficient evidence in the record to support its assertion that the petitioners failed to comply with the legislative precondition in Town Code § 255-5-51(H)(3) that "[b]efore approving a dock under the provisions of Subsection H(2) above, the Board of Appeals shall have first considered all reasonable alternatives which will allow the applicant to safely access and utilize a boat." The petitioners addressed the ZBA's suggestion of using a pulley and mooring system instead of a dock, citing safety concerns for their young children. Moreover, while the Town Code requires the ZBA to consider all reasonable alternatives, here, the record established that the petitioners duly considered the ZBA's proposed dock location 40 feet to the south, in the center of the property, but ultimately determined that the location was not a feasible alternative. While this location would allow for a shorter dock, as it reaches a point where the water depth at the seaward terminus of the dock is 3 feet (see id. § 255-5-51[H][2][d]) at approximately 40 feet instead of 70.6 feet, the bathymetric soundings in the February 2022 Saskas survey demonstrated the existence of a shoal with a water depth of only 2.6 feet. The petitioners' evidence established that as a result of this shoal, a boat cannot be safely maneuvered in that location at low tide. While the Town's expert disputed the existence of a shoal at that location, the ZBA pointed to no evidence in the record to support that assertion. As the ZBA's grounds for denial were not supported by substantial evidence, the requested NRSP must be granted (see Matter of Stengel v Town of Poughkeepsie Zoning Bd. of Appeals, 167 AD3d at 757; Matter of [*2]278, LLC v Zoning Bd. of Appeals of the Town of E. Hampton, 159 AD3d at 893).
The ZBA's remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., BRATHWAITE NELSON, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court